Louis J. HOBBS and Edna M. Hobbs,
Appellants,

v.

MOBIL OIL CORPORATION, a New York
corporation, and Union Oil Company of
California, a California corporation, Appellees.

No. 967.

Supreme Court of Alaska.

Oct. 25, 1968.

Russell E. Arnett, Anchorage, for appellants.

H. Russel Holland of Stevens & Holland, Anchorage, for appellee, Mobil Oil Corp.

Theodore M. Pease, Jr., Bruce A. Bookman of Burr, Boney & Pease, Anchorage, for appellee, Union Oil Co. of Cal.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

DIMOND, Justice.

Appellant, Louis Hobbs, was injured when he fell on a stairway located on an off shore oil well drilling platform in Cook

Inlet. He brought this action for damages against appellees. The superior court granted summary judgment in favor of appellees and this appeal followed.

Appellees, Mobil Oil Corporation and Union Oil Company of California, operated the drilling platform under a joint agreement. Mobil entered into a drilling agreement with Santa Fe Drilling Company whereby the latter was "to drill a well or wells to explore for and develop oil and gas" from the platform. Appellant was employed by Santa Fe. The drilling rig on the platform, including the steel stairs upon which appellant fell, was supplied by Santa Fe.

The superior court judge determined that there was no possible theory upon which appellant could maintain a suit against appellees because Santa Fe was an independent contractor of appellees, and the latter had not retained any control over Santa Fe's drilling operations or any right to direct the drilling work or to select Santa Fe's equipment or to require the equipment to be kept in repair.

In making this determination the judge relied on the case of McDonald v. Shell Oil Co.,[1] stating that he could find no distinguishing features between that case and this one. In the *McDonald* case Shell Oil Company had engaged Owens to recover certain casing and to abandon an oil well. Owens hired McDonald, who was injured while working on a well-pulling rig owned by Owens. McDonald sued Shell, contending that the latter should be liable because it had exercised control over the work of Owens. In determining that Shell was not liable, the Supreme Court of California held that the general supervisory right to control the work so as to insure its satisfactory completion in accordance with the terms of the contract does not make the hirer of the independent contractor liable for the latter's negligent acts in performing the details of the work.[2]

■■ The general rule is that the employer of an independent contractor is not responsible for the negligence of the latter.[3] The rule is justified on the ground that since the employer of an independent contractor has no control over the prosecution of the work, it would be unjust to hold him liable for the torts of another whom he cannot direct.[4] Following this line of reasoning it would appear that if the employer has retained an element of control over the work, he should be responsible for the harmful consequences of its performance as a concomitant of the control retained.[5] This is a rule of the Restatement (Second) of Torts where in section 414 it is stated:

*Negligence in Exercising Control Retained by Employer*

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

Comment c to the foregoing section states:

In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of

---

1. 44 Cal.2d 785, 285 P.2d 902 (1955).

2. Id. at 904.

3. Matanuska Elec. Ass'n v. Johnson, 386 P. 2d 698, 699 (Alaska 1963).

4. Id.

5. Spinozzi, Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Co., Intervenor v. E. J. Lavino & Co., 243 F.2d 80, 82 (3d Cir. 1957).

supervision that the contractor is not entirely free to do the work in his own way.

■ It is a question of fact for the jury, or in a judge-tried case for the trial judge to determine whether the employer of an independent contractor retained sufficient control so as to make him liable.[6] In this case, since the matter was disposed of by summary judgment, the issue is whether such material factual question was genuinely in issue so that the case should have gone to trial instead of being disposed of summarily.[7]

Affidavits filed in support of the motion for summary judgment disclosed that Mobil had two employees on the drilling platform, a drilling foreman and a production foreman; that all instructions given by Mobil's employees relating to the drilling activity were given to Santa Fe's superintendent or foreman and not to the employees of Santa Fe who were actually performing the work; that under the terms of the drilling agreement between Mobil and Santa Fe and in actual practice Santa Fe exercised exclusive control over the operation and maintenance of the drilling rig on which appellant fell and was injured; that the stairs where appellant fell were part of the drilling rig supplied by Santa Fe; that Santa Fe exercised exclusive authority and control over the work of its employees while working on the drilling rig; and that Mobil did not control or direct the means or method of performing the drilling operations. The drilling agreement, which was part of the record, provided that Santa Fe should conduct preventive maintenance on all of Santa Fe's equipment, which included, appellees contend, the allegedly defective stairs where appellant fell.

Appellant filed no affidavits in opposition to appellees' motion for summary judgment. Appellees contend that their affidavits and the drilling agreement establish that there was no triable issue of fact and that appellees were entitled to judgment as a matter of law. The basis for this contention is that the affidavits and drilling agreement show without contradiction that appellees did not control or have the right to control the operative detail of Santa Fe's work, and therefore appellees could not be responsible for any negligent failure on Santa Fe's part to properly maintain the stairs where appellant fell.

The drilling agreement between Mobil and Santa Fe specified the hourly wages to be paid Santa Fe employees, required Santa Fe to furnish Mobil with daily reports of the employees regularly assigned to the work crews, specified the number of Santa Fe's employees, their job designations, and the number to be on the drilling platform at any time, required Santa Fe to comply with all of Mobil's work rules and regulations, gave Mobil the right to temporarily suspend drilling operations and to terminate the drilling agreement, gave Mobil the sole right to determine if full scale rig-up operations were or were not possible each day depending on the weather, and gave Mobil the right to terminate the services of Santa Fe employees. In addition, the agreement provided that Santa Fe should:

> [D]rill, complete, redrill, deepen, recomplete, repair and service wells located on said platform, and perform any other operations, in accordance with Opera-

---

6. Spinozzi, Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Co., Intervenor v. E. J. Lavino & Co., 243 F. 2d 80, 83 (3d Cir. 1957); Larson v. Commonwealth Edison Co., 33 Ill.2d 316, 211 N.E.2d 247, 251 (1965).

7. Civ.R. 56(c) provides in part: [Summary] [j]udgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

tor's written programs; and as Operator may direct.[8]

Appellant testified that an employee of Mobil, named Gambell, was stationed on the platform, and that on two separate occasions Gambell directed appellant to do some work on the platform—work that appellees contend was not connected with the drilling operations.

In determining whether the granting of a summary judgment was proper, "all reasonable inferences from the proofs offered are drawn against the movant and viewed in the light most favorable to the party opposing the motion."[9] All doubts as to the existence of an issue of fact are to be resolved against the one seeking summary judgment.[10] Viewing the evidence in a light most favorable to appellant,[11] we conclude that there is a genuine factual issue as to whether Mobil retained sufficient control over Santa Fe's drilling operations so as to impose liability on Mobil for an injury resulting from defective stairs on the drilling rig. The trier of fact could find that Mobil had retained something more than the broad, general power of supervision and control as to the results of the work so as to insure satisfactory performance of the con-

tract.[12] It could find this from the provisions of the drilling agreement we have referred to, particularly that provision which gives Mobil the broad, general authority to direct Santa Fe's drilling operations, together with the fact that on two separate occasions, according to appellant's deposition, he was directed in his work by an employee of Mobil stationed on the drilling platform. It could be found that Mobil had retained such a right of supervision that Santa Fe was not entirely free to do the work in its own way.[13] We are not saying that the trier of fact would or should make such a finding, but only that it could. It might well find the other way, i. e., that under the contract and in actual practice Santa Fe was not controlled by Mobil as to the former's methods of work or as to operative detail. The point is that there was a genuine issue of fact as to the relationship between Santa Fe and Mobil which must be tried rather than being disposed of by summary judgment. Where such an issue exists it is error to grant summary judgment.[14]

The judgment is reversed and the case remanded for further proceedings consistent with the views expressed in this opinion.

8. The "operator" in the drilling agreement is Mobil Oil Corp.

9. Wilson v. Pollet, 416 P.2d 381, 383–384 (Alaska 1966).

10. Ransom v. Haner, 362 P.2d 282, 290 n. 24 (Alaska 1961); DeArman v. Popps, 75 N.M. 39, 400 P.2d 215, 218 (1965).

11. McKean v. Hammond, 445 P.2d 79 (Alaska, October 7, 1968).

12. In McDonald v. Shell Oil Co., 44 Cal.2d 785, 285 P.2d 902, 904 (1955) the court said:

[T]he owner may retain a broad general power of supervision and control as to the results of the work so as to

insure satisfactory performance of the independent contract—including the right to inspect, * * * the right to stop the work, * * * the right to make suggestions or recommendations as to details of the work, * * * the right to prescribe alterations or deviations in the work, * * *—without changing the relationship from that of owner and independent contractor or the duties arising from that relationship.

13. Restatement (Second) of Torts § 414, comment c at 389 (1965).

14. Ransom v. Haner, 362 P.2d 282, 290 (Alaska 1961).