Argued September 10, 1973, reversed with
instructions May 23, 1974

LIPMAN WOLFE & COMPANY, *Appellant and
Cross-Respondent, v.* TEEPLES & THATCHER,
INC. ET AL, *Respondents and Cross-Appellants.*

522 P2d 467

*Calvin H. Luetjen,* Portland, argued the cause for appellant and cross-respondent. With him on the briefs were Sandberg, Recken & Luetjen, Portland.

*Fred B. Miller,* Portland, argued the cause for respondent and cross-appellant Teeples & Thatcher, Inc. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*William L. Hallmark,* Portland, argued the cause for respondent and cross-appellant Artcraft Linoleum & Shade Company. With him on the brief were Mc-Menamin, Jones, Joseph & Lang, Portland.

DENECKE, J.

This is an action for indemnity in which the jury found for plaintiff against both defendants. The trial court, notwithstanding the verdict for plaintiff, vacated the judgment against both defendants. Plaintiff appeals.

Plaintiff Lipman's operates a large retail department store in Portland. Plaintiff contracted with Teeples & Thatcher to perform over a period of several years certain remodeling in the store. As part of the remodeling, Teeples subcontracted with Artcraft Linoleum to lay floor tile in certain areas of the store. On March 13, 1967, Artcraft was laying tile in front of the elevators on the seventh floor. A customer fell and was injured when she stepped in a slippery substance spread on the floor by Artcraft in preparation

for laying tile. The jury could have found Artcraft and Teeples had failed to place or maintain any or adequate barriers around the area in which Artcraft was working. There were no contractual provisions between the parties relating to protecting customers from dangers caused by the remodeling.

The customer sued Lipman's who tendered the defense of the action to Teeples and Artcraft. The tender was refused and Lipman's then settled with the customer and brought this action to recover the amount paid in settlement together with its attorney fees and expenses. We reverse and reinstate the judgment in favor of plaintiff.

*Fulton Ins. v. White Motor Corp.,* 261 Or 206, 493 P2d 138 (1972), states the elements that a party must prove to obtain indemnity. They are: (1) that the plaintiff seeking indemnity has discharged a legal obligation owed to a third party; (2) that the defendants against whom indemnity is sought are also liable to such third party; and (3) that as between plaintiff and defendants, the obligation ought to be discharged by the latter.

Defendants concede the first has been proved; that is, Lipman's liability to its customer. As to the second,—the defendants' liability to the customer,—for the purposes of the motion for a judgment notwithstanding the verdict, Artcraft concedes its liability. Teeples contends it is not liable; however, we find there is evidence to the contrary. A foreman for Teeples testified that Teeples had assumed the responsibility for erecting barricades to protect the customers from dangers created by the remodeling. Either Teeples would put up barricades or they would have their sub-

contractor do it. At least as to the erection of barricades, Artcraft was not an independent contractor in its relation with Teeples. For this reason *Macomber v. Cox*, 249 Or 61, 65, 435 P2d 462 (1968), is not applicable.

The key question is whether the obligation to the injured customer ought to be discharged ultimately by the contractors or by Lipman's. The answer to this question may depend upon the nature of the liability of Lipman's to its customer. Is Lipman's liable to its customer because of Lipman's own negligence or is Lipman's liable vicariously because of the negligence of the independent contractor, Teeples, and its subcontractor?

Probably the case was submitted to the jury both on the basis that Lipman's was personally negligent for failing to protect its customer, and on the basis that Lipman's was liable to its customers because of the negligence of Teeples and Artcraft. Both defendants in their cross-appeals contend that the trial court erred in submitting the case on the basis of Lipman's vicarious liability.

The parties have assumed, and we believe correctly, that Teeples was an independent contractor and Lipman's was its employer. It is not necessary to determine the overall relationship of Teeples to Artcraft as we have already decided that there was evidence that Teeples had a duty to erect barricades to protect customers from dangers created by the remodeling and it was liable to the customer either for failing to personally perform that duty or for Artcraft's failure.

We have never decided the basis for a storekeeper's liability or that of any other possessor of land

for injuries to a customer caused by a condition negligently created by an independent contractor employed by the storekeeper. In *Macomber v. Cox,* supra (249 Or at 69), we mentioned the problem but did not attempt to state the extent of a storekeeper's liability.

Other courts and writers have placed a storekeeper's liability in these circumstances upon two different bases,—personal liability for failing to supervise the work of the independent contractor and vicarious liability for the negligence of the independent contractor. Some decisions seemingly have relied upon a combination of the two without distinguishing between them.

We are surprised at the confusion existing in this small corner of the law. Harper and James write of the confusion thusly:

> "As to invitees, some cases proceed on the reasoning that the land occupier's duty is nondelegable, so that he will be held vicariously for the contractor's negligence at least where that results in an unreasonably dangerous condition of the premises. * * *. Other cases rest liability on the occupier's own duty to supervise, inspect, etc. work done or operations carried out by the independent contractor. * * *. Many opinions draw on both lines of reasoning without apparently realizing the distinctions between them. * * *." 2 Harper and James, Law of Torts, 1407, n 51, § 26.11 (1956).

Prosser's position seems ambivalent. In § 61, entitled, INVITEES, he states:

> "* * * It is generally agreed that the obligation as to the condition of the premises is of such importance that it cannot be delegated, and that the occupier will be liable for the negligence of an independent contractor to whom he entrusts maintenance and repair." Prosser, Law of Torts, 395 (1971).

However, one of the cases he cites to support this statement expressly holds that the storekeeper is liable for its own negligence and the opinion states it does not decide whether the storekeeper should be held liable for the negligence of its independent contractor. *Lineaweaver v. Wanamaker Co.*, 299 Pa 45, 149 A 91 (1930).

Prosser cites the same case in support of the following statement in § 71, INDEPENDENT CONTRACTORS, in a subsection captioned *Negligence of the Employer:*

> "* * * If the work is done on the employer's own land, he will be required to exercise reasonable care to prevent activities or conditions which are dangerous to those outside of it, or to those who enter it as invitees. In all of these cases, he is liable for his personal negligence, rather than that of the contractor." Prosser, supra, at 470.

Immediately following the above-quoted statement Prosser writes:

> "A different approach, adopted in several of the exceptions to the general rule of nonliability, has been to hold that the employer's enterprise, and his relation to the plaintiff, are such as to impose upon him a duty which cannot be delegated to the contractor. It has been mentioned earlier that there are numerous situations in which it may be negligence to rely upon another person, and the defendant is not relieved of the obligation of taking reasonable precautions himself. But the cases of 'non-delegable duty' go further, and hold the employer liable for the negligence of the contractor, although he has himself done everything that could reasonably be required of him. They are thus cases of vicarious liability." Prosser, supra, at 470.

He then states one of the nondelegable duties is "to keep premises reasonably safe for business visitors,"

citing *Lineaweaver v. Wanamaker Co.*, supra (299 Pa 45), in the footnote to this statement. Prosser, supra, at 471.

The Restatement of Torts, both first and second, reflect this same ambivalence. Section 415 provides:

"A possessor of land who holds it open to the public for any purpose is subject to liability to members of the public entering for that purpose for physical harm caused to them by his failure to exercise reasonable care to protect them against unreasonably dangerous activities of, or unreasonably dangerous conditions created by, an independent contractor or concessionaire employed or permitted to do work or carry on an activity on the land." 2 Restatement (Second) 390.

Section 422 provides:

"A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

"(a) while the possessor has retained possession of the land during the progress of the work, or

"(b) after he has resumed possession of the land upon its completion." 2 Restatement (Second), supra, at 404.

Dean Prosser was aware of the confused state of the law. In 1961 when he was reporter for the Restatement of Torts he reported to the American Law Institute:

"This Chapter on liability for the torts of an independent contractor is in the worst mess of any chapter of the Restatement, and apparently it is

an unavoidable mess, and no one has come up with any satisfactory solution as to what should be done about it. * * *." 38 ALI Proceedings 123 (1961).

After further explanation, he recommended:

"So, as a result, this chapter is left in its original hideous form with the addition of four or five new exceptions which got overlooked or left out the last time, or have turned up since, and what have you." 38 ALI Proceedings, supra, at 124.

His recommendations were adopted.

We have not made these observations for the purpose of criticism; but, rather, to emphasize the difficulties the courts and scholars have had in determining the basis for a storekeeper's liability.

We first conclude that it would be confusing and unnecessary to have two bases of liability. As Harper and James commented: "And indeed the evidence which shows the contractor's negligence usually suffices to show a breach of the land occupier's own (supervisory, etc.) duty." Harper and James, Law of Torts, supra, at 1407, n 51. For this reason the injured customer will normally recover from the storekeeper regardless of which theory is accepted.

In attempting to submit this case on both theories the trial court's instructions in this case were confusing and this is probably inherent in any such attempt.

■ We have concluded that the most logical and desirable basis for liability is the vicarious basis; that is, to apply the doctrine of respondeat superior and hold the storekeeper liable for the negligence of the contractor. We reach this conclusion for several reasons. The storekeeper, of course, has the duty to have its premises in a reasonably safe condition for the

reception of its customers. *Klein v. Montgomery Ward & Co.*, 235 Or 315, 323, 384 P2d 978 (1963). The storekeeper is liable for the negligence of its own employees who fail to keep the store in a reasonably safe condition. When a contractor is brought in to remodel or repair and the store permits customers to continue to enter the premises the danger to customers increases. Under such circumstances it would be inconsistent to hold that a storekeeper can escape liability by asserting that the increased danger to its customers was created by an independent contractor and, therefore, the storekeeper is not liable.

In *Blancher v. Bank of California*, 47 Wash2d 1, 9, 286 P2d 92 (1955), the court stated this reasoning as follows:

> "We therefore hold that, where, as here, the bank carried on its banking business during the time the cleaning and renovating of its lobby was being effected, it owed a duty to its invitees to provide and maintain a safe place for the carrying on of its business, and that the performance of such duty was nondelegable."

In addition to vicarious liability being imposed because of the duty of a storekeeper to keep its premises in a safe condition for its customers another accepted principle points to adopting vicarious liability. In *Gordon Creek Tree Farms v. Layne*, 230 Or 204, 220, 358 P2d 1062, 368 P2d 737 (1962), we stated this principle as follows:

> "* * * It is well settled that an employer who orders work to be performed from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary precautions are taken to prevent injury and such person can not by employing some other person relieve himself of his

liability to do what is necessary to prevent the work from becoming wrongful. * * *."

When a storekeeper has an independent contractor perform work which increases the danger to the storekeeper's customers but the storekeeper continues to invite customers, the situation is analogous to that described in *Gordon Creek Tree Farms v. Layne,* supra (230 Or 204). In such a situation the storekeeper should be liable for the negligence of the independent contractor.

Another reason why we prefer the doctrine of vicarious liability is that placing a duty upon a storekeeper to closely supervise its remodeling contractor appears to us to be unrealistic. Unless the business or the particular project is large enough to employ one or more persons whose exclusive duties are to supervise the work, the contractor is usually in a better position to protect the storekeeper's customers. The testimony in this case was that the employees of Artcraft worked so fast that the barricade had to be practically a rolling barricade. If the storekeeper had a duty to supervise, the storekeeper would have to employ a person whose sole duties were to constantly inspect the tile layer's work to be certain that the successive barricades were adequate.

The following are two other decisions which have used the concept of vicarious liability: *Corrigan v. Elsinger,* 81 Minn 42, 47, 83 NW 492 (1900). The defendant storekeeper hired an independent contractor to move a counter into the store. The independent contractor negligently injured the plaintiff customer. The court held the storekeeper was liable for the independent contractor's negligence, stating:

"* * * There can be no question in this case

but that so long as defendants kept their place of business open to customers, and invited and permitted them to enter therein to trade, they owed a duty to such customers to keep the same in a reasonably safe condition, and free from danger of personal injury. [Citing cases] And they could not shift such duty upon some other person. * * *."

In *Lilienthal v. Hastings Clothing Co.*, 131 Cal App2d 343, 280 P2d 824 (1955), the storekeeper employed an independent contractor to maintain its floors. A customer slipped because the floor had been negligently waxed by this contractor. The court held the owner liable, stating:

"The questioned instruction included the following advice: 'If a person does work for another, as an independent contractor, then under the law the person for whom the work was done is not responsible or liable for any act done by such independent contractor.'

"In many cases that would be a correct statement, but not in this case. A store owner does not discharge his full duty toward business invitees by delegating care of the premises to an independent contractor. 'It is well settled that the possessor of land is answerable for the negligent failure of an independent contractor to put or maintain buildings and structures thereon in reasonably safe condition.' * * *."① 131 Cal App2d at 347.

■ Having established that the basis of Lipman's liability is the negligence of the two defendants we necessarily must conclude that Lipman's is entitled to indemnity from the defendants:

"* * * A party held responsible by reason of his vicarious liability for the negligence of another, such as a servant or independent contractor, can

---

① Other cases to this same effect are collected in n 51, Harper and James, Law of Torts, 1407 (1956).

recover indemnity from the servant or independent contractor. *U.S. Fid. & Guar. Co. v. Thomlinson,* supra (172 Or 307). See cases in Annotation, 38 ALR 566 (1925); Restatement 418, Restitution § 96. * * *." *General Ins. Co. v. P S. Lord,* 258 Or 332, 336, 482 P2d 709 (1971).

The trial court erred in setting aside the verdict for plaintiff.

Both defendants have cross-appealed contending that if we found the trial court erroneously granted the judgment notwithstanding the verdict, nevertheless, they were entitled to a new trial because of other errors the trial court committed.

Teeples' claim of error and most of the claims of Artcraft are answered by our decision that Lipman's was vicariously liable to its customer because of defendants' negligence.

■ Artcraft makes one other claim of error. It requested the trial court to instruct that Lipman's had the burden of proving that the customer was free from contributory negligence. The trial court instead instructed that the defendants had the burden of proving that the customer was contributorily negligent.

No authority was cited by the parties and we have found none.

In the customer's personal injury action against any or all of the defendants, contributory negligence, to be a defense, must be pleaded and proved by the defendants. We are unaware of any reason why these procedures should be changed in an indemnity action. If Artcraft is of the opinion that despite its negligence it is not liable or is liable in a lesser amount, because of the customer's negligence, Artcraft should have the

burden of proving such defense. Artcraft did affirmatively plead this defense.

Reversed with instructions to enter judgment for plaintiff.

McALLISTER, J., concurs in the result.