**Annie Bell SLOAN, Individually and as Executrix of the Estate of Moses C. Sloan, Deceased, et al., Appellants,**

v.

**ATLANTIC RICHFIELD COMPANY, Appellee.**

No. 2047.

Supreme Court of Alaska.

Feb. 23, 1976.

James R. Blair, Julian C. Rice and Hugh Fleischer, of Rice, Hoppner, Blair & Hedland, Fairbanks, for appellants.

Patrick E. Murphy, Fairbanks, and John P. Cook, of Lee, Smart, Cook, Dunlap & Biehl, P.S. Inc., Seattle, Wash., for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION ON REHEARING

CONNOR, Justice.

Appellee Atlantic Richfield Company (ARCO) petitions for a rehearing in this case, alleging various oversights in our Opinion No. 1195, dated October 15, 1975, 541 P.2d 717. We grant the petition, and consider each of ARCO's points in turn.

First, we reject ARCO's contentions that this court has invaded the province of the jury. We found appellee liable as a matter of law, based on the two jury instructions and the doctrine of *res ipsa loquitur*. Nor do we find merit in ARCO's assertion that the instructions taken as a whole do not warrant a directed verdict for plaintiffs (appellants). We did not remand this case for a new trial based on any unfairness in the instructions; instead we relied on the law as contained in the two instructions cited to take the matter away from the jury, except as to any issue of decedent's contributory negligence. The remainder of the instructions simply do not have any relevance to that issue.

Second, we find no error in requiring decedent Sloan's negligence, if any, to fall under comparative negligence principles on remand. The purpose of our language in *Kaatz v. State*, 540 P.2d 1037, 1050 (Alaska 1975), was to prevent retrials where contributory negligence had already been found by a jury, and the comparative negligence issue had not been raised and preserved. Here, the jury never reached the issue of contributory negligence, as shown by the verdicts returned. Hence there is no reason to prevent application of the comparative negligence rule by requiring its use on remand under the facts of this case.

Finally, ARCO correctly asserts that defense counsel did object to Jury Instructions 29 and 32, contrary to the statement in 541 P.2d at 725.[1] The general rule is that an issue raised at trial but not briefed on appeal will not be considered by this court,[2] and the trial court's ruling becomes the law of the case.[3] In the

---

1. The first objection, that the two instructions were not combined, does not affect their legal content. The second objection, however, is of considerable legal importance. It has not yet been explicitly decided in Alaska whether employees of an independent contractor are "others" and can recover damages from the general contractor or site owner under various sections of the Restatement (Second) of Torts, including § 422 on which Instruction 32 was based.

2. *Weaver v. O'Meara Motors Co.*, 452 P.2d 87, 93 (Alaska 1969) ; *Thomson v. Wheeler Constr. Co.*, 385 P.2d 111, 114 (Alaska 1963) ; *see e. g., Ficke v. Alaska Airlines, Inc.*, 524 P.2d 271, 286 n. 18 (Alaska 1974) ; *Whaley v. State*, 438 P.2d 718, 724 (Alaska 1968) ; Alaska Appellate Rule 11(b)(1)[g], *formerly* Alaska Supr.Ct. Rule 11(a)(8).

3. In *Austin v. Fulton Ins. Co.*, 498 P.2d 702, 704 (Alaska 1972) we stated that a failure

case of an appellee who raised the issue at trial, however, we decide that this approach is overly technical. Since appellee ARCO was primarily concerned on appeal with defending a jury verdict in its favor, it would be unreasonable to expect it also to have attacked the instructions given to that jury. We have, therefore, decided to consider fully the sole issue of whether Moses Sloan, as the employee of an independent contractor, was an "other" to whom ARCO might be liable for physical harm under the common law as reflected in the Restatement (Second) of Torts § 422.[4] Since appellee must attack the decision of the trial court, it shall serve and file its brief on this issue within 20 days after service of this opinion. Appellant shall serve and file its brief within 20 days after service of appellee's brief.

to dispute a trial court's holding on appeal results in that holding becoming the law of the case as between the original parties.

4. Restatement (Second) of Torts § 422 provides:

"§ 422 Work on Buildings and Other Structures on Land

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside the land for physical harm caused to them by the unsafe condition of the structure.

(a) while the possessor has retained possession of the land during the progress of the work, or

(b) after he has resumed possession of the land upon its completion."