KAHL et al, *Appellants,*

*v.*

TEXACO, INC., *Respondent.*

(No. 74-2290-L-1, SC 25056)

574 P2d 650

Richard A. Stark of Haviland, deSchweinitz, Stark & Hammack, Medford, argued the cause and filed a brief for appellants.

Patrick Ford of Ford & Cowling, Medford, argued the cause and filed a brief for respondent.

BRYSON, J.

## BRYSON, J.

Plaintiffs brought this action to recover damages from defendant for diminution of the market value of their property. Judgment was entered on a defendant's jury verdict and plaintiffs appeal.

The complaint, so far as it is relevant to this appeal, alleged that defendant was negligent in raising its land several feet, building a retaining wall next to plaintiffs' property line, and constructing a storm drain in the wall at too high a level to adequately carry away the natural drainage water from plaintiffs' property. Defendant generally denied these allegations and affirmatively alleged that plaintiffs had caused the flooding by clogging the drain.

The following facts are not disputed. Plaintiffs own the land situated to the west of defendant's property and operate a beauty college thereon. Prior to the defendant's filling and raising its property, surface water from plaintiffs' land naturally drained across the land purchased by defendant. Defendant bought the adjoining parcel in 1968, several years after plaintiffs had purchased and improved their property, and hired M. O. Newdahl, an independent contractor. Newdahl raised the level of defendant's land some five feet and built a service station on it for the defendant. In order to do this, Newdahl built a cement retaining wall along the easterly boundary of plaintiffs' property. During construction, Newdahl told defendant's employee and constructional engineer that the retaining wall would interfere with the natural water drainage from plaintiffs' land "unless some means of drainage would be provided." Therefore, defendant had notice that construction of the retaining wall would interfere with the natural water drainage from plaintiffs' land. In order to prevent this interference and the flooding of plaintiffs' property, defendant's engineer and also contractor Newdahl decided to put a culvert in the retaining wall to carry the water off plaintiffs' property. Plaintiffs' evidence showed that

the culvert was improperly constructed. According to the testimony of defendant's own expert, the normal method of building a proper drain or culvert would have required the building of a catch basin below the level of plaintiffs' parking lot and then running a pipe from the basin to drain off the water. He testified it is necessary to build up a head of water to get it to flow through the pipe. Instead of following this method, Newdahl built the culvert without a catch basin and installed the drain pipe a little above the level of plaintiffs' parking lot. Plaintiffs' evidence showed that the faulty construction of the culvert and retaining wall caused substantial flooding of their property following heavy rains, and this flooding discouraged customers from using the parking lot and occasionally threatened to flood the building. Plaintiffs had to place plastic sheets against the building with mud on them to prevent water from going into the building.

Defendant argues that any negligence in building the culvert was the independent contractor's fault, not defendant's, thus relieving defendant of liability; that even if defendant were responsible for the contractor's negligence, the plaintiffs caused the flooding by their negligent reroofing of their building, and the rocks used in the reroofing washed away with the rain, clogging the culvert.

Plaintiffs contend that the trial court erred in failing to give the following requested instruction:
"I instruct you that under the facts of this case it is not material whether M. O. Newdahl was an independent contractor or an employee of defendant Texaco, Inc. In either case Texaco, Inc, the defendant, is responsible for all acts or omissions committed by M. O. Newdahl."
and in giving the following instruction:
"I instruct you that under the facts of this case M. O. Newdahl was an independent contractor and not an employee of Defendant. Defendant is not liable for any harm caused to Plaintiffs as the result of the acts or omission os [sic] M. O. Newdahl unless you find that the

Defendant directed M. O. Newdahl or Mr. Newdahl's employees to do the acts or refrain from doing them.

"In other words, an owner of property is not liable for harm caused by some improper method which an independent contractor without any direction of his employer adopts in doing the work.

"An owner of land is liable, however, for harm caused by an independent contractor if he knows or has reason to know that the work that he has employed the independent contractor to perform is likely to create a private nuisance."

We conclude that the plaintiffs' requested instruction should have been given.[1] We have recognized the general principle that "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor of his servants." 2 Restatement (Second) of Torts § 409 (1965), cited in *Macomber v. Cox,* 249 Or 61, 65, 435 P2d 462 (1968). However, we also recognized, in *Macomber,* that there are numerous exceptions to the general principle:

"* * * A variety of exceptions have made inroads upon this rule of immunity (e.g., when the employer's duty is non-delegable) * * *." 249 Or at 65.

Comment *b* to Restatement (Second) of Torts § 409 states, at page 370:

"* * * They [exceptions] are so numerous, and they have so far eroded the 'general rule,' that it can now be said to be 'general' only in the sense that it is applied where no good reason is found for departing from it. * * *"

This case falls within the rule enunciated in *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 220, 358 P2d 1062, 368 P2d 737 (1962):

"* * * It is well settled that an employer who orders work to be performed from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary

---

[1]The instruction given is, therefore, also erroneous.

precautions are taken to prevent injury and such person can not by employing some other person relieve himself of his liability to do what is necessary to prevent the work from becoming wrongful. [Citations omitted.] The foregoing rule is sufficiently comprehensive to embrace not only work which is regarded as 'inherently' or 'intrinsically dangerous,' but also work which will in the ordinary course of events occasion injury to others if certain precautions are omitted, but which may as a general rule be safely executed if such precautions are taken. * * *"

■ This case falls within the above rule because the defendant in this case knew that the work to be performed (building of the retaining wall, culvert and drain) would, in the natural course of things, result in the flooding of plaintiffs' land unless precautions were taken, such as the building of a proper drainage culvert within the retaining wall, to prevent the injury. Defendant could not relieve itself of this responsibility by employing Newdahl, its contractor, to do the work[2] which resulted in the injury.

In *Cascadia Lbr. Co. v. Stout,* 249 Or 232, 437 P2d 111 (1968), Justice O'Connell, in commenting on *Gordon Creek Tree Farms,* stated, at 234:

"* * * The decision was based upon the principle that although an employer is not ordinarily liable for the acts of an independent contractor employed by him, this immunity from liability is not extended to an employer 'who orders work to be performed from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented.' * * *" — relying upon Restatement (Second) of Torts § 413 (1965):

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk

---

[2] *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962), could be read to state a rule imposing liability for the landowner's own negligence. However, our cases have treated that case as stating a rule of vicarious liability. *Lipman Wolfe v. Teeples & Thatcher,* 268 Or 578, 586-87, 522 P2d 467 (1974); *Cascadia Lbr. Co. v. Stout,* 249 Or 232, 233-34, 437 P2d 111 (1968).

of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

Comment *b* to § 413 of the Restatement explains, at 385, as follows:

"This Section is concerned with special risks, peculiar to the work to be done, and arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions. The situation is one in which a risk is created which is not a normal, routine matter of customary human activity, such as driving an automobile, but is rather a special danger to those in the vicinity, arising out of the particular situation created, and calling for special precautions. * * *"

The requested instruction was, when examined out of context, too broad when it stated, "In either case Texaco, Inc., the defendant, is responsible for all acts or omissions committed by M. O. Newdahl." Since the only act or omission in issue was the negligent building of the retaining wall and culvert, this instruction would not have misled the jury. However, this opinion should not be construed as granting approval to the broad language of the requested instruction.

■ Plaintiffs also assign as error the trial court's refusal to strike defendant's "affirmative defense" of "contributory negligence." However, defendant's answer does not assert contributory negligence;[3] rather, it asserts that plaintiffs themselves caused their injuries by clogging the culvert with roofing rock. The defendant's affirmative defense alleged:

[3]Contributory negligence does not bar recovery and is only a partial defense in Oregon. ORS 18.470. *See Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977).

[ 343 ]

"Plaintiffs' conduct proximately caused or contributed to the damages described in the complaint, if any, which conduct was as follows:

"1) The plaintiffs in the fall of 1974 reroofed the building on the described premises in such a manner that the rock material used in the roofing work washed away with the first heavy rain and partially clogged the drainage culvert used to carry surface waters off the property.

"2) Plaintiffs permitted the drainage ditch used to carry excessive waters off the property to become clogged."

Since causation was one of the issues, defendant is entitled to assert this defense.

Reversed and remanded for a new trial.