682 P.2d 425

Adele KOEPKE, Plaintiff-Appellant,

v.

CARTER HAWLEY HALE STORES, INC., a California corporation, Defendant-Appellee.

No. 1 CA–CIV 6007.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 17, 1984.

**422**

James W. Hill, Ltd. by James W. Hill, Phoenix, for plaintiff-appellant.

Snell & Wilmer by Lawrence F. Winthrop, Phoenix, for defendant-appellee.

## OPINION

MEYERSON, Presiding Judge.

Plaintiff-appellant Adele Koepke (Koepke) was injured while shopping at a Broadway department store owned by defendant-appellee Carter Hawley Hale Stores, Inc. (Broadway). Although Broadway was open for business when the accident occurred, the store was undergoing extensive remodeling and repair. As Koepke was walking down the aisle to the elevator, two employees of Standard Cabinet Works, Inc. (Standard), an independent contractor hired by Broadway for the construction, stretched a chalk line in her path across the aisle. Koepke tripped on the line and fell, seriously injuring her knee.

Koepke sued both Broadway and Standard for negligence. Koepke's claim against Standard was settled for $35,000 and reduced to judgment.[1] The trial court subsequently entered summary judgment in favor of Broadway and Koepke brought this appeal.

In order to evaluate the propriety of summary judgment for Broadway, it is necessary to distinguish among the various theories of liability asserted by Koepke. In essence, Koepke presents the following bases for recovery against Broadway:

(1) Vicarious liability for Standard's negligence under *Restatement (Second) of Torts* § 422 (1965) *(Restatement)*.

(2) Liability for the negligence of Standard because Broadway retained control of Standard's work.

(3) Liability based upon Broadway's independent negligence.

The trial court found that under Arizona law Koepke could assert no claim of vicarious liability against Broadway. With respect to the remaining theories, the trial court found no disputed facts and that Broadway was entitled to judgment as a matter of law. Because we agree with Koepke that the trial court incorrectly granted Broadway's motion for summary judgment with respect to her claim under *Restatement* § 422, we begin our discussion with this important issue.

## I. VICARIOUS LIABILITY UNDER *RESTATEMENT* § 422

*Restatement* § 422 defines one of several exceptions to the general rule of employer non-liability for the negligence of inde-

---

1. Standard made an offer of judgment pursuant to Rule 68, Arizona Rules of Civil Procedure. Koepke accepted the offer stating that the "acceptance under no circumstances is intended to release or serve as an adjudication of the merits of this case as it applies to Plaintiff's claim against" Broadway. The settlement between Koepke and Standard was reduced to a judgment. Koepke acknowledges that the judgment has been paid.

Broadway has filed a motion to dismiss the appeal contending that where two or more entities are jointly and severally liable to an injured party, the full "satisfaction" by one tortfeasor extinguishes the plaintiff's claim against all other tortfeasors. *Rager v. Superior Coach Sales & Service,* 110 Ariz. 188, 191, 516 P.2d 324, 327 (1973). Although Standard may have paid the judgment, no formal satisfaction of judgment has been filed. Satisfaction is a technical term and nothing but this is a legal satisfaction of the

pendent contractors.[2] It provides in relevant part:

> A possessor of land who entrusts to an independent contractor construction, repair, or other work upon the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure
>
> (a) while the possessor has retained possession of the land during the progress of the work ....

Illustration (1) following this section explains the operation of this rule:

> A, the owner of a department store, employs an independent contractor to construct a monitor over a skylight above one of the aisles in his store. A retains possession of the premises while the work is being done, and the store remains open for business. By reason of the negligence of the contractor while the work is in progress, the monitor is insecurely fastened, and falls through the skylight, injuring B, a customer in the aisle of the store. A is subject to liability to B.

Koepke argues that the facts in this case fall squarely within this section and therefore Broadway may be held vicariously liable for her injuries. Broadway admits that application of *Restatement* § 422 would preclude summary judgment in its favor, but asserts that *Restatement* § 422 simply is not the law in Arizona.

It is well established that we will follow the *Restatement* in the absence of Arizona law to the contrary. *Jesik v. Maricopa County Community College Dist.,* 125 Ariz. 543, 546, 611 P.2d 547, 550 (1980). The present case presents such a situation. We have found no Arizona decision expressly accepting or rejecting application of *Restatement* § 422 in a case where the landowner, who retains control of his premises during construction, is sued by his invitee for injuries caused by the alleged negligence of an independent contractor performing the construction or repair.[3] Additionally, we believe adoption of *Restatement* § 422 is supported by sound policy considerations.

Other jurisdictions have examined the advisability of imposing vicarious liability on the employer of an independent contractor in similar situations. Many of these courts view this doctrine as an extension of the employer's non-delegable duties to the business invitee. In *Lipman Wolfe & Co. v. Teeples & Thatcher, Inc.,* 268 Or. 578, 522 P.2d 467 (1974), a retail store hired a contractor to perform extensive remodeling, but chose to keep the store open for business. A customer fell on a slippery substance which a subcontractor had spread on the floor to prepare it for laying tile. She then sued the store which tendered the defense to the independent contractor and the subcontractor. The tender was refused and the store settled with the customer and then brought an indemnity action to recover the amount of the settlement. The

---

judgment. *Id.* Thus, we deny Broadway's motion to dismiss.

**2.** Sections 410–429 of the *Restatement* set out exceptions to the general rule that an employer is not liable for the negligent acts of an independent contractor. *Restatement* § 409 states: "Except as stated in §§ 410–429, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." However, as Prosser points out, this general rule is now so riddled by exceptions as to cast doubt on the validity of the non-liability rule. W. Prosser, *The Law of Torts* § 71 at 468 (4th ed. 1971) (Prosser).

**3.** Arizona courts have referred to *Restatement* § 422 while noting that it does not apply in

actions brought by employees of independent contractors. *Mason v. Arizona Public Service Co.,* 127 Ariz. 546, 551, 622 P.2d 493, 498 (App. 1980); *Parks v. Atkinson,* 19 Ariz.App. 111, 114, 505 P.2d 279, 282 (1973); *Welker v. Kennecott Copper Co.,* 1 Ariz.App. 395, 404, 403 P.2d 330, 339 (1965).

The policy underlying this refusal to apply *Restatement* § 422 to employees of independent contractors is unrelated to the question of liability for injuries to business invitees. *See Vagle v. Pickands Mather & Co.,* 611 F.2d 1212, 1218 (8th Cir.1979), *cert. denied,* 444 U.S. 1033, 100 S.Ct. 704, 62 L.Ed.2d 669 (1980); *Welker,* 1 Ariz.App. at 404, 403 P.2d at 339.

court concluded that the store was entitled to indemnification because of the store's vicarious liability under *Restatement* § 422. The court held:

> The storekeeper, of course, has the duty to have its premises in a reasonably safe condition for the reception of its customers. The storekeeper is liable for the negligence of its own employees who fail to keep the store in a reasonably safe condition. When a contractor is brought in to remodel or repair and the store permits customers to continue to enter the premises the danger to customers increases. Under such circumstances it would be inconsistent to hold that a storekeeper can escape liability by asserting that the increased danger to its customers was created by an independent contractor and therefore, the storekeeper is not liable.

*Id.* at 585–86, 522 P.2d at 470 (citations omitted).

The New Jersey Supreme Court has also utilized a non-delegable duty theory to impose liability on a contracting employer. In *Mayer v. Fairlawn Jewish Center*, 38 N.J. 549, 186 A.2d 274 (1962), it held:

> Under the circumstances of this case, Center had a non-delegable duty to exercise reasonable care for the safety of persons using the premises at its invitation. If, while repairs or structural alterations were going on, a dangerous condition was created which resulted in injury to an invitee liability for damages would exist. And with respect to that liability it would be immaterial whether the construction work was being performed by the Center's own employees or by an independent contractor.

*Id.* at 555, 186 A.2d at 277 (citations omitted). *See generally* Annot., 96 A.L.R.3d 1213 (1979); Prosser § 71 at 468–75. 2 F. Harper & F. James, *The Law of Torts* § 26.11 at 1406–1408 (1956); *contra Mai Kai, Inc. v. Colucci*, 205 So.2d 291 (Fla. 1967).

In adopting *Restatement* § 422, we have given careful consideration to the policies underlying the rule. First, the possessor of the land is the one primarily benefited by the contractor's work. *See Van Arsdale v. Hollinger*, 68 Cal.2d 245, 253, 66 Cal.Rptr. 20, 25, 437 P.2d 508, 513 (1968). In this case, Broadway elected to remain open for business during its remodeling. Rather than take the precaution of closing the store (or the portion of the store undergoing the remodeling), it chose to invite customers on its premises and obtain the economic benefit of continuing its retail operations.

Second, a contractee such as Broadway is able to obtain insurance against risks such as Koepke's injuries and incorporate such expenses into its cost of doing business. *Id.* at 253, 66 Cal.Rptr. at 25, 437 P.2d at 513. Broadway selects the independent contractor and is free to insist upon one that is financially responsible. Broadway may insist that its independent contractors agree to indemnify it for any loss due to their negligence.

Third, Broadway is in a position to prevent or minimize such risks. It is within Broadway's control to insure hiring of a competent contractor. It can make sure that safety procedures for customer protection are initiated and followed. It can require that dangerous conditions be remedied.

Broadway argues that prior Arizona decisions, which hold that a possessor of land is not the insurer of the safety of business invitees, have in effect repudiated the principles embodied in *Restatement* § 422. *Borrow v. El Dorado Lodge*, 75 Ariz. 139, 252 P.2d 791 (1953); *Moore v. Southwestern Sash & Door Co.*, 71 Ariz. 418, 228 P.2d 993 (1951). Such statements in these cases, upon which Broadway relies, simply mean that absent negligence, the landowner is not liable for injuries to invitees. But liability under *Restatement* § 422 has as a prerequisite the showing of negligence on the part of the independent contractor. Thus, the plaintiff must show

the independent contractor's negligence[4] to invoke *Restatement* § 422 and therefore the cases relied upon by Broadway are inapposite.

This distinction is apparent in *McGuire v. Valley National Bank*, 94 Ariz. 50, 381 P.2d 588 (1963), a case heavily relied upon by Broadway. The plaintiff tripped on a pebble-like substance on the stairs in defendant's building. Workmen of an independent contractor employed by the defendant had been working on the air conditioning unit and had been using the stairs. A janitor cleaned the stairway two hours before plaintiff's accident. The supreme court affirmed a directed verdict against the plaintiff concluding that there was no evidence of *anyone's* negligence. *McGuire* would be applicable only if upon remand Koepke fails to prove that the injuries were caused by Standard's negligence.

 To summarize, we hold that the trial court erred insofar as it ruled that Koepke could not assert a claim against Broadway under *Restatement* § 422. The summary judgment entered in favor of Broadway with respect to Koepke's claim under *Restatement* § 422 is reversed.[5]

## II. RETAINED CONTROL

Koepke argues that summary judgment was also improper because of disputed material facts concerning whether Broadway retained sufficient control over Standard's work to render Broadway liable under the "retained control" exception to the so-called general rule of non-liability. *Mason v. Arizona Public Service Co.*, 127 Ariz. 546, 550, 622 P.2d 493, 497 (App.1980); *Restatement* § 414. She points out that Broadway maintains a safety committee to oversee all remodeling projects and that a Broadway employee was specifically autho-

rized to supervise store construction and insure customer safety. As part of these duties, the employee was responsible for placement of warning signs to customers and barricades around construction areas.

 General supervisory control, however, is insufficient to subject Broadway to liability under *Restatement* § 414. Comment (c) to this section limits its applicability to situations in which the employer retains control over the actual *manner* in which the work is done. It states:

It is not enough that [the employer] has merely a general right to order the work stopped or resumed, to inspect its progress or receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

Arizona courts have similarly limited the scope of *Restatement* § 414. Retention of "some measure of control" over the premises is not sufficient to subject an employer to liability. *Mason*, 127 Ariz. at 550, 622 P.2d at 497. Nor is it enough to reserve a general supervisory authority to direct the sequence of the work or to prescribe alterations. *German v. Mountain States Tel. & Tel. Co.*, 11 Ariz.App. 91, 95, 462 P.2d 108, 112 (1969). Rather, the employer must be able to actually control the method or manner of doing details of the work. *Id.* at 95, 462 P.2d 112.

 In the present case, Broadway did not have extensive control over the activities of Standard's workers. The record

---

**4.** It should also be noted that *Restatement* § 422 does not apply to "collateral" negligence. *Restatement* § 422, comment (e). *See Smith v. Lucky Stores, Inc.*, 61 Cal.App.3d 826, 132 Cal. Rptr. 628 (1976). Collateral negligence is defined in *Restatement* § 426.

**5.** Broadway argues that a ruling against it on Koepke's claim under *Restatement* § 422 is tan-

tamount to rendering judgment against it because of the settlement judgment against Standard. But there can be no collateral estoppel effect to the judgment entered against Standard because the issue of Standard's negligence was not actually litigated. *King v. Superior Court*, 138 Ariz. 147, 150, 673 P.2d 787, 790 (1983).

**426**

discloses that work schedules and operational procedures were directly handled by Standard's installation foreman. While Broadway may have overseen the general progress of the remodeling to insure it complied with contract specifications, there is no evidence indicating that Broadway had any authority to direct the manner in which the contractors worked. Thus, we agree with the trial judge's determination that Broadway's liability cannot be predicated on *Restatement* § 414.

## III. INDEPENDENT NEGLIGENCE OF BROADWAY

Koepke also maintains that Broadway is liable for her injuries based on its own negligence. In essence, she argues that Broadway breached its duty of care to her as a business invitee because it knew the remodeling created an unreasonably dangerous condition to customers. However, Broadway's knowledge of general construction conditions is not enough. Broadway must have actual or constructive notice of the specific defect which caused the injury (the chalk line) and not merely knowledge of conditions naturally productive of that defect (remodeling). *Preuss v. Sambo's, Inc.*, 130 Ariz. 288, 635 P.2d 1210 (1981). Koepke failed to present facts showing that either Broadway had actual knowledge of workmen stretching lines across the aisles, or that such activities existed for such a length of time that Broadway should have been aware of them and corrected the situation. Under these circumstances, we conclude that the trial judge correctly granted summary judgment in favor of Broadway on the theory of Broadway's independent negligence.

For the foregoing reasons, the judgment below is reversed and remanded for further proceedings consistent with this opinion.

BROOKS and CORCORAN, JJ., concur.