**James PATTON, Appellant,**

v.

**SPA LADY, INC., d/b/a Spa Fitness Center, Appellee.**

**No. S–2695.**

Supreme Court of Alaska.

April 28, 1989.

Thomas L. Melaney, McVeigh & Melaney, Anchorage, for appellant.

David S. Carter and Joe M. Huddleston, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Justice.

The issue presented in this appeal is whether the employer of an independent contractor is vicariously liable to a person who is injured on the employer's business premises by an unsafe condition in the premises as a result of the independent contractor's negligence. We hold that the employer is liable.

## I. FACTS AND PROCEEDINGS.

Appellant James Patton was injured on the premises of the Spa Fitness Center ("the Center"), operated by appellee Spa Lady, Inc. ("Spa Lady"), on July 31, 1984. While he was leaning over a sink vanity to inspect himself in the mirror, Patton received a shock from an electrical outlet, which had been installed in the spring of 1984 during an expansion project at the Center.

Patton filed suit against Spa Lady on April 19, 1985. On October 31, 1985, after Spa Lady filed cross-claims against J.D.'s Electric, Inc. ("J.D.'s") and Alyeska Electrical, Inc. ("Alyeska"), the electrical contractors on the expansion project, Patton amended his complaint to assert claims against the two independent contractors. Patton and Spa Lady both settled their claims against J.D.'s and Alyeska, which also released their claims against each other. Following these settlements, only Patton's claim against Spa Lady remained. Spa Lady filed a motion for a set-off in the amount of $130,000, the sum Patton had received from his settlements with J.D.'s and Alyeska.

Prior to trial, the superior court accepted briefs and held a hearing to determine the law applicable to the case. Patton's counsel argued that section 422 of the Restatement[1] applied. The parties stipulated that summary judgment would be entered

---

**1.** All citations to the Restatement are to the    Restatement (Second) of Torts (1965).

against Patton if the superior court ruled that Spa Lady was not vicariously liable for the negligence of J.D.'s and Alyeska. After a hearing, the superior court ruled that section 422 would not apply and entered summary judgment against Patton.

The court subsequently awarded Spa Lady costs and attorney's fees in the amount of $16,071.22. Patton appeals the superior court's grant of summary judgment and its award of costs and attorney's fees.

## II. DISCUSSION.

The general common-law rule, embodied in Restatement section 409 and sometimes called the "independent contractor rule," is that an employer is not vicariously liable for the torts of its independent contractor. *Sievers v. McClure,* 746 P.2d 885, 889 n. 6 (Alaska 1987); *Matanuska Elec. Ass'n v. Johnson,* 386 P.2d 698, 699 (Alaska 1963). This rule is subject to a host of exceptions, codified in sections 410–29 of the Restatement.[2] Patton seeks to invoke the exception set forth in section 422 in order to impose liability vicariously on Spa Lady for the negligence of J.D.'s and/or Alyeska. Alternatively, Patton asserts the common-law doctrine of non-delegable duties to impose liability vicariously on Spa Lady.

The text of section 422 reads as follows:

**2.** We adopted section 410 in *Moloso v. State,* 644 P.2d 205, 216 (Alaska 1982) (*Moloso I*), *appeal on remand,* 693 P.2d 836 (Alaska 1985) (*Moloso II*); section 411 in *Sievers v. McClure,* 746 P.2d 885, 891 (Alaska 1987); section 413 in *Moloso I,* 644 P.2d at 214–15, and section 414 in *Hobbs v. Mobil Oil Corp.,* 445 P.2d 933, 934 (Alaska 1968). However, we rejected the second paragraph of comment b to section 413 in *Sievers,* 746 P.2d at 890.

**3.** In our original opinion, we stated:
We note first that jury instructions 29 and 32 constitute the law of the case because appellee failed to object to either instruction. Thus, in resolving the issue of whether appellant's motions should have been granted, we assume, without deciding, that these instructions correctly state the law.
541 P.2d at 725–26. Taken alone, this suggests that we never actually considered whether section 422 was applicable under Alaska law. However, in granting the petition for rehearing, this court revived section 422 for a decision:

*§ 422. Work on Buildings and Other Structures on Land*

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land during the progress of the work, or

(b) after he has resumed possession of the land upon its completion.

We previously considered section 422 in *Sloan v. Atlantic Richfield Co.,* 541 P.2d 717 (Alaska 1975), *reh'g granted,* 546 P.2d 568 (1976), *opinion on reh'g,* 552 P.2d 157 (1976). In *Sloan,* the plaintiff, whose decedent had been employed by an independent contractor, sought to recover wrongful-death damages from Atlantic Richfield, the employer of the independent contractor. At trial, the court approved jury instruction 32, which was based on section 422. 541 P.2d at 728.[3] On rehearing, we held that Sloan was not an "other" to whom ARCO owed a duty under section 422: "[N]o recovery should be imposed in favor of the employee of an independent contractor for vicarious liability." 552 P.2d at 160. We

Finally, ARCO correctly asserts that defense counsel did object to Jury Instructions 29 and 32, contrary to the statement in 541 P.2d at 725. The general rule is that an issue raised at trial but not briefed on appeal will not be considered by this court, and the trial court's ruling becomes the law of the case. In the case of an appellee who raised the issue at trial, however, we decide that this approach is overly technical. Since appellee ARCO was primarily concerned on appeal with defending a jury verdict in its favor, it would be unreasonable to expect it also to have attacked the instructions given to that jury. *We have, therefore, decided to consider fully the sole issue of whether Moses Sloan, as the employee of an independent contractor, was an "other" to whom ARCO might be liable for physical harm under the common law as reflected in the Restatement (Second) of Torts § 422.*

546 P.2d at 569–70 (emphasis added; footnotes omitted).

relied on the fact that vicarious liability is a doctrine designed to ensure that a financially responsible party is available to compensate the injured victim. *Id.* Where the victim is an employee, Alaska's worker's compensation system ensures that there will be a financially responsible party, thus fulfilling the same purpose as vicarious liability. *Id.* at 160–61.

We approve the rule stated in section 422 and hold that Patton is an "other" to whom Spa Lady is vicariously liable. Unlike the injured party in *Sloan*, Patton cannot rely on the worker's compensation system to obtain compensation for his injuries.

There are other reasons for holding that the employer of an independent contractor may be held vicariously liable for injuries caused by the negligence of the latter. Between an innocent possessor of land and an innocent third party injured because of the negligence of the possessor's independent contractor, the possessor should bear any loss because the possessor is in a better position to know what risks of injury exist and to take steps to guard against them. Spa Lady was also in a better position than was Patton to contract for insurance or indemnification to cover any damages caused by an independent contractor's negligence. *See Van Arsdale v. Hollinger*, 68 Cal.2d 245, 66 Cal.Rptr. 20, 437 P.2d 508, 513 (1968); W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* §§ 70–71 at 500, 509–12 (5th ed.1984).

Our decision utilizing the rule stated in section 422 of the Restatement comports with decisions from several other states. *See, e.g., Koepke v. Carter Hawley Hale Stores, Inc.*, 140 Ariz. 420, 422–25, 682 P.2d 425, 427–30 (App.1984); *West End Corp. v. Royals*, 450 So.2d 420, 425 (Miss.1984); *Mayer v. Fairlawn Jewish Center*, 38 N.J. 549, 186 A.2d 274, 277 (1962). *But see S.S. Kresge Co. v. Port of Longview*, 18 Wash. App. 805, 573 P.2d 1336, 1341–42 (1977).

We note further that the result reached today is supported by numerous decisions holding business owners liable for injuries sustained on their premises by persons other than employees of independent contractors where the injuries were caused by the independent contractors' negligence. *See, e.g., Little Rock Land Co. v. Raper*, 245 Ark. 641, 433 S.W.2d 836, 842 (1968) (citing Restatement § 422, Prosser torts treatise, and cases from California, New York, Oklahoma, Tennessee, and Washington); *Rowley v. City of Baltimore*, 305 Md. 456, 505 A.2d 494, 499 (1986); *Daly v. Bergstedt*, 267 Minn. 244, 126 N.W.2d 242, 248–49 (1964); *Braden v. Hendricks*, 695 P.2d 1343, 1352 (Okla.1985); *Lipman Wolfe & Co. v. Teeples & Thatcher, Inc.*, 268 Or. 578, 522 P.2d 467, 470 (1974). *But see Mai Kai v. Colucci*, 205 So.2d 291, 292–93 (Fla. 1967).

These decisions generally rely on the doctrine of nondelegable duties, among which are the common carrier's duty to transport its passengers safely, *Alaska Airlines v. Sweat*, 568 P.2d 916, 925–26 (Alaska 1977), the hospital's duty to provide competent physicians for emergency room care, *Jackson v. Power*, 743 P.2d 1376, 1384 (Alaska 1987), and the duty "to keep premises safe for business visitors." *Prosser & Keeton* § 71, at 511–12. *See also* Annotation, *Storekeeper's Liability for Personal Injury to Customer Caused by Independent Contractor's Negligence in Performing Alterations or Repair Work*, 96 A.L.R.3d 1213 (1979).

The judgment of the superior court is REVERSED and REMANDED for further proceedings consistent with this opinion.[4]

---

**4.** Our reversal of the superior court's grant of summary judgment has obviated the need to address Patton's specifications of error regarding the superior court's award of costs and attorney's fees.