MINNIE REISMAN, PLAINTIFF IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

Plaintiff was struck and injured by a rocket set off during an exhibition of fireworks in a pleasure resort owned or controlled by defendant, which exhibition she was witnessing pursuant to invitation from the defendant. The fireworks were set off under the direction of one R., under contract with the defendant, and it was fully proved that R. and his employes were uncontrolled as to the manner of doing the work, except that the time and place, when and where the fireworks were to be set off, were fixed by defendant; and that certain designated fireworks were stipulated for at an agreed contract price. The arrangements for witnessing the exhibition were controlled by defendant's servants, who kept the spectators at a distance of from three hundred to four hundred feet away from the place of setting off the fireworks, and on the other side of a sheet of water. *Held,* that R. was an independent contractor, and that for any negligence of himself or his servants in setting off the rocket, defendant was not responsible; and *held, further,* that there was no evidence of negligence of defendant in the arrangements made for witnessing the exhibition, and that a nonsuit was properly directed.

On error to the Camden Circuit Court.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Lewis Starr.*

The opinion of the court was delivered by

PARKER, J. The question is whether there was error in the direction of a nonsuit in the Camden Circuit Court. The declaration charges that the defendant operated a pleasure resort called Wood Lynne Park, and invited plaintiff into the same for the purpose of entertainment and amusement; and that while she was there defendant's agents negligently and without warning set off a sky rocket which struck and injured plaintiff.

The undisputed or indisputable facts are that the defendant owned or controlled the resort in question; that plaintiff was invited to enter it as an incident of being a passenger on defendant's trolley car, and did enter it accordingly for the purpose of witnessing an exhibition of fireworks; that defendant's agent, one Le Cato, had employed one Romain, who was in the fireworks business, to give the exhibition; that the place designated for the setting off of the fireworks was upon an island to which the spectators did not have access and from which the plaintiff and other spectators were separated by a sheet of water, the distance between them and the fireworks being between three hundred and four hundred feet; and that defendant employed policemen to control the spectators and keep them within the limits set apart for them. All these details were arranged by or under the authority of defendant. As to the setting off of the fireworks, the evidence is equally clear that while there was in all probability a written contract between Romain and the defendant or its agent, Le Cato, the defendant neither had nor exercised any control whatever over Romain except as to the place and time, where and when the fireworks were to be set off, and that certain stipulated fireworks were to be furnished for the agreed price. The written contract, if one existed, was not put in evidence because plaintiff had not called for it under subpœna or otherwise, and defendant was not put to its proof. As to this phase, the case stood substantially as counsel for plaintiff puts it in his brief: "The corporation said to Romain, through Le Cato, its authorized agent, 'How much will you charge for producing and exhibiting fireworks?' Romain stated his terms, they were accepted, the price paid and the display given."

The accident was apparently due to a misdirected rocket falling or shooting into the crowd and striking the plaintiff; and, as will be seen from the abstract of the declaration at the head of this opinion, the attempt is to hold the defendant as for the negligence of an agent or servant in setting off the rocket in question. But, as we read the brief of plaintiff's counsel (there was no oral argument), no such claim is now made. He says: "There is no pretense that the rocket which

did the mischief was improperly discharged. It flew so far, after being discharged, as to injure the plaintiff. This consequence the defendants were bound to foresee and provide against, if reasonable care would have foreseen and provided against it." Apparently, the case is rested on the proposition that it should have been left to the jury to say whether defendants were not negligent in so fixing the place for the exhibition and the place for the spectators with reference to each other as that a rocket set off in the former could injure a spectator in the latter.

Whether the case is rested on this ground or on the ground of negligence in Romain or his employes, the nonsuit was properly directed. As to the management of exhibitions and spectators, we do not see how any greater care could have been exercised without placing the spectators too far away to see advantageously. In this respect, the case resembles the case of *Sebeck* v. *Plattdeutsche Volksfest Verein,* 35 *Vroom* 624, which arose out of a fireworks accident under very similar circumstances. In that case the crowd was only one hundred feet away, instead of three times that distance, yet this court held that while the proprietors of the place in question were bound to use reasonable care to provide a safe place from which to view the exhibition that duty was performed by keeping the crowd back to the distance mentioned. In the case at bar, the distance was much greater, and the preservation of that distance was insured not only by the police but by the intervening sheet of water.

As to the negligence, if any, in discharging the rocket, there is no direct proof, and the claim must be based on the maxim *res ipsa loquitur.* But, as we have already seen, any claim on this score is disclaimed; and if it were not, still it could not avail, because the negligence, if any, was that of an independent contractor. The argument seems to be that notwithstanding the uncontradicted proof showed that Romain was employed as a fireworks expert for a lump sum to set off certain designated fireworks on defendant's property, and was not controlled in any way by defendant or its agents as to the method and details of his work, except the place and time of

its performance, and that none of the employes of the defendant had anything to do with setting off the fireworks, and their duties were confined to keeping the crowd back, nevertheless, this co-operation in the management of the entertainment made Romain a servant and not an independent contractor.

In 26 *Cyc.* 1546, an independent contractor is defined to be one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. The evidence for the plaintiff brought Romain fully within the definition just quoted, and which we deem adequate for the purposes of this case. It follows, therefore, that for any negligence of himself or his own employes in setting off the fireworks, the defendant is not responsible. The case of *Crowley* v. *Fireworks Company,* 183 *N. Y.* 353, cited for plaintiff, is really against his contention, for the defendants in that question were the contractors employed to give the exhibition.

So, as there is no evidence of negligence of defendant in making the arrangements for giving and witnessing the exhibition, and any negligence of Romain is not imputable to defendant, and as there is no pretense that defendant failed to use due care in selecting a skillful and competent contractor, there was nothing for a jury to lay hold of, and the nonsuit was rightly ordered.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Voorhees, Bogert, Vredenburgh, Congdon, JJ.   10.

*For reversal*—Bergen, Kalisch, White, JJ.   3.