JUANA PADILLA, ETC., ET AL., Plaintiffs and Appellees, *v.* MUNICIPALITY OF MANATÍ and CARLOS GEORGI OLIVER, Defendants and Appellant the former.

No. 374.       Decided April 5, 1963.

---

*J. B. Fernández Badillo, Solicitor General, Nilita Vientós Gastón,* and *Juan A. Faría, Assistant Solicitors General,* for Municipality of Manatí. *Ángel Manuel Ciordia* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM:

In *Bonet* v. *Municipality of Barceloneta,* 87 P.R.R. 74 (1963), we set forth the liability of a manager or operator of a display in which fireworks are exhibited in the following words:

"The duty of a manager or operator of an exhibition such as that involved herein is limited (1) to providing a safe place to the spectators to watch the exhibition; and (2) to selecting a skillful person for such purpose. *Sebeck* v. *Plattdeutsche Volksfest Verein,* 124 Fed. 11 (C.C.A. 2 1903), 46 Atl. 631 (1900); *Blue Grass Fair Ass'n* v. *Bunnell,* 267 S.W. 237 (Ky. 1924); *Reisman* v. *Public Service Corporation,* 81 Atl. 838 (1911); *Deyo* v. *Kingston Consol. R. Co.,* 88 N.Y.Supp. 487 (1904). In *Sebeck* it was said that if the premature explosion is due to an operative defect which is not discoverable on inspection or to the manner in which the fireworks are discharged, the exhibitor is not liable, for his duty is limited to the adequate selection of the person who will provide and send them off; *Deyo* holds the same view; and in *Blue Grass,* although it considers a nondelegable duty, it

refers to the duty to provide a safe place to the spectators, and even goes on to affirm that the proper selection of the exhibitor of the fireworks relieves from liability, even though an inherently dangerous work is involved."

As revealed by the transcript of the evidence offered in the present case, the Municipality of Manatí contracted the services of a pyrotechnist of about 20 years' experience to discharge the fireworks during the festivities of the patronal festival held in said municipality at the beginning of 1959; that said pyrotechnist had set up the same display during the previous three years; that the place selected for the fireworks—the entrance of the parish church—was the same place that had been used for many years for that purpose; that the entrance has a certain elevation and is separated from the public thoroughfare by a fence 4 1/2 feet high, and that the public remains at a distance of about 40 to 60 feet from the place where the fireworks are discharged. The trial court also found that the fall of the "flying wheel" which produced slight and serious burns on the plaintiff minor was due to a defect in its construction.

■ Applying the same rule set forth in the *Bonet* case no liability may be imposed on the defendant municipality because it used the services of a skillful person of recognized experience to carry out the display; and under the circumstances he provided a reasonably safe place for the spectators in order to avoid any foreseeable injury or such as may be anticipated presupposing the absence of defects in the manufacture of the fireworks. On the other hand, if the accident was produced by the irregular discharge of the artifact which caused the damage as a result of its defective construction, no reparation could be demanded unless it be determined that the codefendant Georgi was not an independent contractor but an employee or agent.

■ The respondent judge concluded that the pyrotechnist Georgi was an employee of the defendant municipality. This

finding has no support in the evidence presented, which was to the effect that the chairman of the festivities contracted codefendant Georgi for the manufacture and discharge of the fireworks upon payment of the sum of $1,200; that Georgi and an assistant appointed by him, named Cruz Pérez, were the ones who supervised the operation of the fireworks; "I supervise them, I make them and I discharge them," said the pyrotechnist. The facts on which the master-servant relation is sought to be predicated does not have the scope and significance attributed to it by the respondent judge, to wit, that the fireworks were stored in the building of the city hall and every day the amount to be discharged was delivered to Georgi; that the municipality furnished several pieces of lumber and boards and a spade and a shovel to dig the holes on which the parapets of some of the fireworks would be placed; that there was a municipal employee who supervised the work in order to be assured that the agreed number of rockets, bombs and wheels were discharged and that the codefendant received instructions from another municipal employee to commence the discharge of the fireworks, which coincided with the termination of the religious offices and when the people left the church. A brief examination shows that the municipality did not have the control of the *execution* of the work as to the manner and means to obtain the desired result. This being so, the existing relation was not that of master and servant, but that of principal and independent contractor. *Mariani* v. *Christy*, 73 P.R.R. 729, 743 (1952); *cf. Landrón* v. *Labor Relations Board*, 87 P.R.R. 87 (1963); *Sec. of Labor* v. *Pedro A. Pizá, Inc.*, 86 P.R.R. 423 (1962); *Atiles, Mgr.* v. *Industrial Commission*, 68 P.R.R. 107 (1948); *Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 573 (1944); *Montaner* v. *Industrial Commission*, 59 P.R.R. 284 (1941); *Romero* v. *Industrial Commission*, 57 P.R.R. 343 (1940).

■ Finally, in *Bonet* v. *Municipality of Barceloneta*, *supra*, presenting a similar situation, we held that fireworks was not an activity inherently dangerous for which liability could be demanded from the principal for the acts of the independent contractor.[1]

The judgment rendered by the Superior Court, Arecibo Part, on July 19, 1960, will be reversed and the complaint as to the appellant municipality will be dismissed.

---

[1] It would be advisable that the municipalities would require the independent contractors to acquire an insurance policy to answer to the public for the damages caused in situations such as the present one.