831 P.2d 386

**Elizabeth MILLER and William V. Latham, Plaintiffs–Appellants,**

v.

**WESTCOR LIMITED PARTNERSHIP, an Arizona partnership d/b/a/ Flagstaff Mall, Defendant–Appellee.**

**No. 1 CA–CV 90–095.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 5, 1991.

As Corrected Jan. 3, 1992.

Reconsideration Denied Jan. 15, 1992.

Review Denied June 30, 1992.

---

Renaud, Cook, Videan, Geiger & Drury, P.A. by J. Gordon Cook and William R. Mettler, Jr., Phoenix, for plaintiffs-appellants.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for defendant-appellee.

## OPINION

CLABORNE, Judge.

We are faced with an issue not before raised in Arizona: Whether a landowner can be held liable for the acts of an independent contractor, when the independent contractor negligently conducts a fireworks display. We must also decide whether parents of an injured child may claim loss of consortium when the child is severely injured, but not catastrophically so.

Elizabeth Miller and William Latham filed suit against Westcor Limited Partnership (Westcor) and Atlas Enterprises (Atlas) for injuries suffered during a fireworks display at the Flagstaff Mall. The trial court granted partial summary judgment in favor of Westcor, ruling that Westcor was not vicariously liable for the negligence of its independent contractor, Atlas

Enterprises. The trial court also granted Westcor's motion *in limine* precluding evidence of appellants' claim for loss of consortium. We reverse as to both issues.

## BACKGROUND

On July 4, 1987, Elizabeth Miller and her daughter, Michelle Latham, attended a fireworks display at the Flagstaff Mall in Flagstaff, Arizona. Westcor, the owner of the mall, contracted with Atlas Enterprises to conduct the fireworks exhibition. The contract provided that Atlas would supply all fireworks and materials and a trained master pyrotechnician, that employees of Atlas would be covered by worker's compensation and that Atlas would procure an insurance policy providing coverage for Atlas and for the sponsors and committees connected with the fireworks display. Westcor was responsible for crowd control and agreed to provide four laborers to assist the master pyrotechnician.

The firework shells used in the display ranged in size from two inches to twelve inches in diameter. The shells traveled at a speed of approximately 176 feet per second and exploded at a distance that was dependent upon their size. A six-inch mortar shell traveled six hundred feet before exploding and a ten-inch mortar shell traveled one thousand feet before exploding. A six-inch shell had a spread of four hundred feet in diameter upon explosion. Several hundred fireworks shells were set to be used during the display.

The fireworks exhibition began at about 9:00 p.m. Approximately ninety percent through the show, a firework shell misfired and exploded while in its launch tube. The explosion destroyed the launch tube and apparently knocked several mortar tubes out of their positions. One of the shells launched directly toward the crowd. The shell exploded on the ground injuring Michelle and Elizabeth as well as several other individuals.

Michelle was the most severely injured of the plaintiffs. She suffered third-degree burns on both shoulder blade areas, her right elbow and ear, and her entire but-

tocks. She also suffered second-degree burns to her right flank.

The plaintiffs filed suit on October 23, 1987, naming as defendants Westcor and Atlas among others. The suit alleged in count one negligence of Westcor in failing to provide plaintiffs with a reasonably safe place from which to view the display, in count two the negligence of Atlas in hiring, training, and supervising its agents and/or employees, in count three the vicarious liability of Westcor for the acts of Atlas, and, in count four strict liability of Westcor and Atlas for undertaking an abnormally dangerous activity.

Westcor moved for partial summary judgment on counts three and four of the complaint. Westcor contended that it was not automatically liable for the plaintiffs' injuries upon a finding that Atlas was negligent because Atlas was an independent contractor, not an employee or agent. Westcor also contended that it was not strictly liable because a fireworks display is not an ultrahazardous activity. The plaintiffs responded and filed their own motion for summary judgment on count three of the complaint. They contended that Westcor could not delegate responsibility for their injuries to Atlas.

Westcor then moved *in limine* to exclude all evidence relating to emotional distress suffered by Elizabeth Miller and William Latham experienced as a result of Michelle's injuries. The appellants responded that they were entitled to assert a claim for loss of consortium to recover for the natural grief and anger felt by all parents when a child is injured.

The trial court concluded there was no issue of material fact and granted summary judgment in favor of Westcor on both counts three and four of the complaint. The trial court also concluded that appellants failed to establish a claim for loss of consortium and granted Westcor's motion in limine.[1]

Appellants raise two issues on appeal. Whether Westcor is vicariously liable for the negligence of Atlas, its independent contractor, in conducting a fireworks display on Westcor property, and whether the appellants presented sufficient evidence of loss of consortium to send their claim to the jury.[2]

## DISCUSSION

■ Since this is a grant of summary judgment, we view the facts in the light most favorable to the appellants. *Independent Nat'l Bank v. Westmoor Elec.*, 164 Ariz. 567, 569, 795 P.2d 210, 212 (App. 1990). Because the material facts in this case are for the most part undisputed, our role is to determine whether the trial court correctly applied the substantive law to these facts. *Schroeder v. Hudgins*, 142 Ariz. 395, 397, 690 P.2d 114, 116 (App. 1984).

1. Westcor's liability for the negligence of Atlas

■ As a general rule, a possessor of land is not liable for the negligence of an independent contractor hired to conduct some activity on the land absent some independent negligence on the part of the possessor. *Fort Lowell–NSS Ltd. Partnership v. Kelly*, 166 Ariz. 96, 101, 800 P.2d 962, 967 (1990). The reasoning behind the rule is based on risk allocation. "[S]ince the employer has no right of control over

1. The plaintiffs and Atlas entered into an agreement in which Atlas admitted that its negligence was the proximate cause of the plaintiffs' injuries. The parties stipulated to damages in the amount of $1,575,500.00 and the plaintiffs agreed not to execute against Atlas to collect the judgment. Westcor was not a party to the agreement.

Thereafter, the trial court entered formal written judgment in favor of the plaintiffs in the amount agreed upon between Atlas and the plaintiffs. The trial court also formally granted Westcor's motion *in limine* on the appellants' loss of consortium claim and entered judgment in favor of Westcor on counts three and four of the complaint. The trial court included language pursuant to Rule 54(b), Arizona Rules of Civil Procedure, rendering the judgment final and appealable. The remaining claims have been placed on the inactive calendar pending resolution of this appeal.

2. Appellants have not appealed the grant of summary judgment in favor of Westcor on the strict liability claim.

the manner in which the work is to be done, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility of preventing the risk, and administering and distributing it." *Currie v. Sechrist,* 119 Ariz. 466, 469, 581 P.2d 700, 703 (App.1978) (quoting Prosser and Keeton, *The Law of Torts* § 71 (4th ed. 1971)).[3]

■ However, numerous exceptions to the general rule of non-liability exist which, if applicable, render an employer liable for a contractor's negligence even though the employer is not personally negligent. *Fort Lowell–NSS Ltd. Partnership,* 166 Ariz. at 101, 800 P.2d at 967. The policy reasons justifying such a departure are that the employer is the one who primarily benefits from the contractor's work, the employer is free to select the contractor and may insist on one that is financially responsible and competent, and the employer has the ability to internalize the cost of insurance necessary to distribute the risk as a cost of doing business. Prosser and Keeton, *The Law of Torts* § 71 (5th ed. 1984). *See also Aceves v. Regal Pale Brewing Co.,* 24 Cal.3d 502, 509, 156 Cal.Rptr. 41, 44, 595 P.2d 619, 622 (1979). *Cf. Koepke v. Carter Hawley Hale Stores, Inc.,* 140 Ariz. 420, 424, 682 P.2d 425, 429 (App.1984) (citing policy reasons in adopting Restatement § 422(a)).

The exceptions in this case are found in the Restatement (Second) of Torts §§ 416, 422(a), 423 and 427 (Restatement). Because we conclude that Westcor may be liable for the negligence of Atlas under section 427, we do not address liability under the other sections of the Restatement.

### a. *Inherently Dangerous Activities*

The inherently dangerous exception provides that

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

Restatement § 427. *See also, S.A. Gerrard Co. v. Fricker,* 42 Ariz. 503, 507, 27 P.2d 678, 680 (1933).

It is not necessary that the work be of a kind which cannot be done without risk of harm to others nor that it involve a high degree of risk of such harm. Restatement § 427 comment b. If the risk can be recognized in advance, it is sufficient if the risk of harm is either inherent in its nature, or is a risk normally expected in doing the task. *Id.* The rule applies where the work involves the use of instrumentalities, such as fire or *high explosives* which require constant attention and skillful management in order that they may not be harmful to others. *Id.* (emphasis added).

■ No bright line exists for classifying work which is inherently dangerous and that which is not. *E. L. Jones Constr. Co. v. Noland,* 105 Ariz. 446, 456, 466 P.2d 740, 750 (1970). The determination rests upon the facts of each case. *Bible v. First Nat'l Bank of Rawlins,* 21 Ariz.App. 54, 57, 515 P.2d 351, 354 (1973). Two factors are important to our analysis: (1) the risk of harm cannot be eliminated through the exercise of reasonable care; and (2) the risk must be to the person, land or chattels of another. *Id.* Clearly, the second factor is met in this case. Therefore, we are left with the question of whether the risk of harm from a public fireworks exhibition can be eliminated through the exercise of reasonable care.

This question was considered by the Washington Supreme Court in *Klein v. Pyrodyne Corp.,* 117 Wash.2d 1, 810 P.2d 917 (Wash.1991), *as amended,* 817 P.2d 1359 (1991), in the context of strict liability un-

---

**3.** Although we could approach the issue on the theory that the duty of care of the possessor of land cannot be delegated to an independent contractor, it seems preferable to analyze liability in the context of an exception to the general rule of non-liability. See 5 Harper and James, *The Law of Torts,* § 26.11 n. 62 (2nd ed. 1986).

der Restatement § 520. The Pyrodyne Corporation had contracted to conduct a fireworks display at the Western Washington State Fairgrounds. An aerial shell inside a mortar was ignited and exploded near the crowd of onlookers, injuring the Kleins. The Kleins filed suit against Pyrodyne under theories of products liability and strict liability. From summary judgment in favor of the Kleins on the strict liability claim, Pyrodyne appealed, contending that strict liability was an inappropriate standard of liability for pyrotechnicians. The court disagreed, holding that "conducting public fireworks displays is an abnormally dangerous activity justifying the imposition of strict liability." *Id.* 810 P.2d at 922.

> Any time a person ignites aerial shells or rockets with the intention of sending them aloft to explode in the presence of large crowds of people, a high risk of serious personal injury or property damage is created. That risk arises because of the possibility that a shell or rocket will malfunction or be misdirected. Furthermore, no matter how much care pyrotechnicians exercise, they cannot entirely eliminate the high risk inherent in setting off powerful explosives such as fireworks near crowds.

*Id.* 810 P.2d at 920.

As evidence of dangerousness, the court pointed to two factors. The elaborate scheme of administrative regulations with which pyrotechnicians must comply and the statutory requirement that a pyrotechnician obtain a surety bond or certificate of insurance for at least $1,000,000 in order to obtain a license to conduct a public fireworks display.

The issue of a promoter's vicarious liability for injuries suffered during a fireworks display was considered in *Ramsey v. Marutamaya Ogatsu Fireworks Co.*, 72 Cal. App.3d 516, 140 Cal.Rptr. 247 (1977). Two of the defendants, the Japan External Trade Organization and Japan Trade Center (JETRO) and the San Francisco Chamber of Commerce (Chamber), jointly sponsored a festival. JETRO contracted with Marutamaya to manufacture and display the fireworks. Marutamaya, in turn, contracted with R. Borgman Sales Co. to conduct the display. The plaintiffs were employees of Borgman and were experienced licensed pyrotechnicians.

During the display two firework shells exploded while in their mortar tubes, injuring the plaintiffs. Judgment was entered in favor of the plaintiffs and against defendant Marutamaya, JETRO, Chamber and Borgman.

On appeal, JETRO and Chamber claimed that no legal basis existed for imposing liability on them for the negligence of Marutamaya, an independent contractor. The court disagreed, concluding that liability existed under Restatement § 423 which imposes vicarious liability on an employer for the negligence of its independent contractor hired to construct or maintain instrumentalities "which threaten a grave risk of serious bodily harm or death" unless carefully constructed and maintained. *Id.* at 526, 140 Cal.Rptr. at 252.

The trial court found that the fireworks were inherently dangerous and reasonably likely to cause severe injuries to persons in the immediate vicinity in the event of premature explosion. The court of appeals agreed and found that it was in accord with the California Code which clarifies as "dangerous fireworks" any which include picrates or gun powder. *Id.* The court said:

> Jetro and Chamber were carrying on an activity [the fireworks display] which threatened a grave risk of harm or death unless the instrumentalities used [the fireworks] were carefully constructed. Thus, their conduct in hiring an independent contractor [Marutamaya] to manufacture the fireworks did not insulate them from liability for the physical harm caused by Marutamaya's negligence in manufacturing the fireworks.

> . . . . .

> Having set out upon a venture which they knew could involve grave bodily injury unless reasonable care was exercised in the manufacture of the fireworks, Jetro and Chamber were not enti-

tled to delegate their responsibility to exercise such care.

*Id.* at 526, 527, 140 Cal.Rptr. at 252, 253.

We recognize that there are distinctions between *Klein* and *Ramsey* and this case. Neither *Klein* nor *Ramsey* involved liability under Restatement § 427. Furthermore, in *Klein*, the plaintiffs sought to impose strict liability under Restatement § 520 on the entity hired to conduct the display, not an employer of an independent contractor or possessor of land, and in *Ramsey*, the employees of an independent contractor sought to impose vicarious liability on the promoter of a fireworks display. Nevertheless, we find these cases persuasive on the issue of whether public fireworks displays are inherently dangerous.

The risks associated with a public fireworks display are that a firework may malfunction or be misdirected injuring persons in the vicinity. We agree with the court in *Klein* that no matter how much care is exercised by those conducting the display, the risks associated with setting off the fireworks cannot be completely eliminated.

Our legislature has also recognized the dangerousness of fireworks by regulating their use. The use, explosion or possession of any fireworks is prohibited except as authorized by statute. A.R.S. § 36–1602(A). Qualified pyrotechnicians may conduct fireworks displays so long as they comply with the terms of article 1, chapter 11, Arizona Revised Statutes. A.R.S. § 36–1602(B). Local governing bodies may adopt rules and regulations for granting permits for public fireworks displays, and each display must be handled by a competent operator. A.R.S. § 36–1603(A), (B). To obtain a permit, a permittee must give a bond in the amount of at least five hundred dollars, "conditioned upon payment of all damages, which may be caused to persons or property by reason of the display." A.R.S. § 36–1604. Municipalities may enact further regulations and prohibitions regarding fireworks and police officers are permitted to seize fireworks that are in violation of article 1. A.R.S. §§ 36–1606, 36–1607. A violation of the article is punishable criminally. A.R.S. § 36–1608.

Finally, Restatement § 427 applies to high explosives. Here, the fireworks ranged in size from two inches in diameter to twelve inches. Once fired, the shells traveled at a speed of approximately 176 feet per second at a distance of two hundred feet to over one thousand feet. Upon explosion, the shells had a spread of several hundred feet. Clearly, these fireworks constituted high explosives.

Westcor cites several cases which it contends support its view that it cannot be held liable for the independent negligence of Atlas. *See Reisman v. Public Serv. Corp.*, 82 N.J.L. 464, 81 A. 838 (App.1911), and *Deyo v. Kingston Consol.R.Co.*, 94 A.D. 578, 88 N.Y.S. 487 (1904).

We do not find these cases persuasive. They do not discuss the inherently dangerous exception to the general rule of non-liability and whether fireworks can be considered inherently dangerous. And, to the extent these cases implicitly conclude that fireworks displays are not inherently dangerous, we question their persuasive value.

■ Here, Westcor contracted with Atlas, an independent contractor, to undertake an activity which involved a special danger to others (the public fireworks display). The risks associated with this activity are that a firework may malfunction or be misdirected, injuring those nearby. And, no matter how much care is exercised in conducting the display, these risks cannot be eliminated. It cannot be disputed that Westcor contemplated this risk when it entered into the contract with Atlas. Not only is the risk common knowledge, Westcor recognized the danger present in a public fireworks display by requiring Atlas, as a condition in the contract, to procure a $2,000,000.00 insurance policy.

We also believe that the reasons for departing from the general rule of non-liability are present in this case. We recognized these reasons in *Koepke* in holding a landowner liable for the negligence of its independent contractor under Restatement § 422(a). 140 Ariz. at 424, 682 P.2d at 429. In *Fort Lowell–NSS Ltd. Partnership*, our supreme court concluded that "many of the

policies set forth in *Koepke* apply with equal force in the circumstances of a section 422(b) case." 166 Ariz. at 105, 800 P.2d at 971. We likewise believe that many of these policy considerations apply with equal force to a section 427 case. As the court stated in *Ramsey*, "Jetro and Chamber [the promoters] were the ones primarily to be benefitted by the fireworks display, and they had every opportunity to protect themselves by selecting an independent contractor who was well qualified in his field, who was financially responsible and who could be required to indemnify them." 72 Cal.App.3d at 527, 140 Cal.Rptr. at 253.

Westcor was the one primarily benefitting by the fireworks display at the Flagstaff Mall. Although the mall remained closed for general shopping during the fireworks display, the display was held on Westcor's property and Westcor received all of the corresponding benefits, including good-will among the local community. Westcor selected an independent contractor who was apparently well-qualified in the fireworks field. Furthermore, Westcor required Atlas, as a condition of the contract, to assume financial responsibility for any accident that might occur by requiring Atlas to procure a $2,000,000 liability insurance policy. Finally, Westcor could have, but did not, insist on indemnification for any loss caused by Atlas' negligence.

We believe that under the circumstances presented, the fireworks display at the Flagstaff Mall on July 4, 1987, was an inherently dangerous activity. Therefore, we hold that the trial court erred in granting partial summary judgment in favor of Westcor, concluding that it could not be held liable for the negligence of Atlas in conducting the display.

b. *Collateral Negligence*

 Westcor argues that even if the fireworks display constitutes an inherently dangerous activity, it is not liable for the negligence of Atlas because it was collateral negligence. We disagree.

An employer is not liable for the negligence of an independent contractor when that negligence is considered collateral. Restatement § 426. Conduct is collaterally negligent when it does not involve the risks that made the work inherently dangerous. 5 Harper & James, *The Law of Torts* § 26.11 (2d ed. 1986). It arises when the contractor's negligence consists solely in the improper manner of doing the work, creates a risk of harm not inherent in the work and the employer had no reason to contemplate the contractor's negligence when the contract was made. Restatement § 426.

For example, an independent contractor hired to do blasting work negligently runs over a pedestrian while bringing supplies to the job. The negligence is considered collateral and no vicarious liability on the part of the employer would attach. *See* Harper & James § 26.11. Likewise, an employer who hires an independent contractor to do excavation work might reasonably expect the contractor to proceed with a bulldozer or pick and shovel. If the contractor, for his own reasons, decides to use blasting instead and does so in a negligent manner, the negligence is said to be collateral to the contemplated risk, and the employer is not liable. Restatement § 426 comment.

The risk that an errant firework shell may fall into the crowd injuring onlookers is one of the very risks that render a public display inherently dangerous.

Elizabeth Miller and Michelle Latham were injured by a misdirected fireworks shell while viewing the display at the Flagstaff Mall. As such, the negligence of Atlas in conducting the display was not collateral.

2. Loss of consortium

Appellants contend that the trial court erred in granting Westcor's motion in limine precluding evidence on their loss of consortium claim. We agree.

 Loss of consortium is defined as "a loss of capacity to exchange love, affection, society, companionship, comfort, care and moral support." *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782

P.2d 1162, 1165 (1989). In *Pierce,* our supreme court stated:

> [P]arents may maintain a cause of action for the loss of their child's consortium when the child suffers a severe, permanent, and disabling injury that substantially interferes with the child's capacity to interact with [the] parents in a normally gratifying way. Although evidence of a significant interference in the parent-child relationship must exist, the injury need not be the functional equivalent of death or even be categorized as "catastrophic." Whether the threshold of a significant interference with the normal relationship between parent and child has been met is a question of law for the judge to determine. Once the judge finds that the child's injuries are sufficiently severe to warrant a cause of action for loss of consortium, the trier of fact determines the question of recovery or the amount recoverable based on the degree of that interference.

*Id.* (citation omitted).

 The evidence before the trial court showed that Michelle was severely burned. She suffered third-degree burns to both shoulder blade areas, the right elbow, the right ear and the entire buttocks area. Michelle suffered second-degree burns to the right flank. The burns caused excessive scarring which will require surgery. Through an offer of proof, appellants presented the opinions of Doctor Herb Collier, a child psychologist. Dr. Collier indicated that Michelle falsely believes the burns will disappear in the future. He also indicated that Michelle will experience self-image problems. Because of her self-image problems, Michelle may not develop the intellectual and social potential of a person without severe burns.

The trial court ruled that appellants could not present evidence on their claim of loss of consortium apparently because it felt that Michelle's injuries were not severe enough so as to remove the ability to communicate. *Pierce* clearly indicated, however, that a loss of consortium claim does not depend on such catastrophic injuries as found in *Howard Frank, M.D., P.C. v. Su-*

*perior Court,* 150 Ariz. 228, 722 P.2d 955 (1986), and *Reben v. Ely,* 146 Ariz. 309, 705 P.2d 1360 (App.1985). The focus of the trial court's inquiry is on the interference with the normal relationship between parent and child. Here, the trial court applied the incorrect standard to the facts of this case by focusing on the severity of the injuries. We believe the appellants presented sufficient evidence on interference with the normal relationship between Michelle and her parents so as to present a jury question on the issue of recovery.

## CONCLUSION

We conclude that a public fireworks display is an inherently dangerous activity within the meaning of Restatement § 427. It imposes a duty of care which cannot be delegated to another. Westcor, as a landowner, is vicariously liable for the negligence of Atlas, its independent contractor. The risk that a fireworks shell may be negligently fired into a crowd of spectators is the very risk which makes a public fireworks display inherently dangerous. It certainly is not collateral negligence.

We further conclude that the trial court erred in granting Westcor's motion *in limine* excluding evidence on loss of consortium as to Michelle. The appellants presented sufficient evidence of an interference in the normal parent-child relationship to an extent that a jury question exists concerning the right to recover damages for this interference.

This case is reversed and remanded.

EHRLICH and CONTRERAS, JJ., concur.