8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas G. HOUSLEY, Plaintiff-Appellant,
v.
Cynthia BREWSTER, et al., Defendants-Appellees.
 No. 93-15066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 8, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas G. Housley, a federal prisoner, appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(c) of his diversity action for failure to state claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim upon which relief can be granted, see Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.), cert. denied, 493 U.S. 812 (1989), and we affirm.
 
 
 3
 Housley contends that the district court improperly converted appellees' motion to dismiss for failure to state a claim into a Fed.R.Civ.P. 56 motion for summary judgment by considering the legislative history of an Arizona statute. We disagree. A court's consideration of matters in the public record does not convert a motion to dismiss for failure to state a claim into a motion for summary judgment. See Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.1986).
 
 
 4
 Housley further contends that the district court erred in dismissing his action for failure to state a claim upon which relief could be granted. We disagree. In his complaint, Housley alleged five tort claims under Arizona law: negligence, abuse of legal process, malicious prosecution, loss of consortium, and intentional infliction of emotional distress. All of Housley's claims were premised on the contention that the Arizona statute under which the custody termination proceedings at issue originated was no longer in effect at the time these proceedings began, thus rendering these proceedings invalid. The district court correctly found that Arizona Revised Statute § 8-533(B)(4) has never been repealed. Accordingly, any argument Housley could raise regarding the "illegality" of those proceedings must fail.[1]
 
 
 5
 Because Housley has failed to state a claim upon which relief can be granted, the district court properly dismissed this action.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nor is there any way Housley could amend his complaint to state a claim. See Bird v. Rothman, 627 P.2d 1097, 1099-100 (Ariz.App.1981) (discussing attorney liability to third parties under Arizona tort law), cert. denied, 454 U.S. 865 (1981); see also Miller v. Westcor Ltd. Partnership, 831 P.2d 386, 393 (Ariz.App.1992) (loss of consortium claim requires permanent physical injury); Rowland v. Union Hills Country Club, 757 P.2d 105, 108 (Ariz.App.1988) (intentional infliction of emotional distress requires conduct beyond the limit of social toleration)