874 P.2d 1021

**Rod DE SZENDEFFY, Plaintiff–Appellant,**

**v.**

**Diane THREADGILL, in her capacity as Town Clerk of the Town of Carefree, and Town of Carefree, a municipal corporation, Defendants–Appellees.**

**No. 1 CA–CV 93–0334.**

Court of Appeals of Arizona, Division 1, Department C.

May 19, 1994.

Review Denied Nov. 1, 1994.

ture sheets to the Maricopa County Recorder. After the filing period expired, the Maricopa County Recorder certified 49 signatures to be valid signatures of qualified electors of the Town. The number of valid signatures exceeded the number needed to call an election.

On February 1, 1993, however, the Town Clerk declared the petitions invalid because the circulators' affidavits on all the filed signature sheets contained an improper verification. The affidavits stated that the circulator believed that each petition signer was a qualified elector of the *State of Arizona* rather than the constitutionally required verification of the circulator's belief that the signers were qualified electors of the *Town of Carefree*.

Louis J. Hoffman, P.C. by Louis J. Hoffman, Scottsdale, for plaintiff-appellant.

Anderson, Brody, Levinson, Weiser & Horwitz, P.A. by Stephen A. Myers, Phoenix, for defendants-appellees.

## OPINION

`LANKFORD, Judge.

On this appeal, we consider whether a constitutional defect in a referendum petition circulator's affidavit may be cured by independent proof of the signatures' validity *after* the period to file the petition expires. We hold that defects in the circulator's affidavit may not be cured after the expiration of the filing period.

On this appeal from the trial court's grant of summary judgment, the material facts are undisputed and, therefore, we determine *de novo* the legal issue of the application of the law to these facts. *Miller v. Westcor Ltd. Partnership*, 171 Ariz. 387, 390, 831 P.2d 386, 389 (App.1991).

The undisputed facts are that on December 14, 1992, a referendum petition challenging a Town of Carefree ordinance rezoning certain real property located in the Town was timely filed with the Town Clerk. The Town Clerk transmitted the petition signa-

■ Within a day, but after the deadline for filing petitions, the petition circulators filed supplemental affidavits in which they stated their belief that at the time each signature was placed on the petition, the signer was a qualified elector of the Town of Carefree.[1]

Appellant brought this action as a citizen of the Town of Carefree. His complaint requested the court to declare the referendum petition valid and to require the Town Clerk to call a referendum election. The trial court granted a motion for summary judgment for the defendant town and Town Clerk. The court determined that the supplemental circulators' affidavits and the County Recorder's certification were untimely because they came after the deadline for filing petitions. Therefore, they could not cure the defect in the petitions.

It is undisputed that the circulators' original affidavits failed to comply with article IV, part 1, section 1(9) of the Arizona Constitution, which requires the circulators of a referendum petition challenging a town ordinance to verify that the signers are qualified electors of the town:

1. The appellant argues that the Town Clerk supplied sample referendum petitions containing the improper language. However, it is settled that circulators may not rely on a form. The constitutional requirement that the circulators swear that they believe each petition signer is a quali-

fied elector of the Town of Carefree must be satisfied, and reliance on a form does not excuse noncompliance. *Western Devcor, Inc. v. City of Scottsdale*, 168 Ariz. 426, 431, 814 P.2d 767, 772 (1991).

466

[E]very sheet of every such petition containing signatures shall be verified by the affidavit of the person who circulated said sheet or petition, setting forth that each of the names on said sheet was signed in the presence of the affiant and that in the belief of the affiant each signer was *a qualified elector of the ... town ... affected by the measure* so proposed to be initiated or referred to the people.

Ariz. Const. art. IV, pt. 1, § 1(9) (emphasis added).

■ Strict compliance with constitutional and statutory requirements is required for a referendum petition, and the Arizona Supreme Court has specifically held that a circulator's affidavit containing the defect at issue in this case does not fully comply with the constitutional requirements. *Western Devcor, Inc. v. City of Scottsdale*, 168 Ariz. 426, 429, 814 P.2d 767, 770 (1991); *see also Perini Land & Dev. Co. v. Pima County*, 170 Ariz. 380, 383, 825 P.2d 1, 4 (1992) (strict compliance required). Compare *Western Devcor* with *Whitman v. Moore*, 59 Ariz. 211, 220, 125 P.2d 445, 451 (1942) (substantial compliance is sufficient for initiative petition).

Appellant nevertheless contends that the defect in the circulators' affidavits was cured in two ways: first, by the Maricopa County Recorder's certification that more than 23 of the signatures on the petition were valid signatures of qualified electors of the Town of Carefree, and second, by the circulators' supplemental affidavits.

■ We first consider Appellant's argument that the circulators' supplemental affidavits cured the defective petitions. The Arizona Supreme Court has held that a defect in the circulator's affidavit cannot be cured by filing an amended or supplemental circulator's affidavit after the time for filing the original referendum petition has expired. *Direct Sellers Ass'n. v. McBrayer*, 109 Ariz. 3, 5, 503 P.2d 951, 953 (1972).

■ The time for filing a referendum petition is not subject to equitable tolling. *Direct Sellers* emphasized that the referendum power must be exercised "within a limited time or the legislation goes into effect." *Id.* Defects on the face of the circulator's affida-

vit cannot be cured by amendment after the expiration of the time for filing the petition.

■ Appellant next argues that independent proof of the validity of the signatures, provided after the petition deadline, can satisfy the constitutional requirements.

The Arizona Supreme Court has left the door open to independent proof which might cure a defect in the circulator's petition. In *Western Devcor*, the court cited *Direct Sellers* in stating that "the defect in the circulator's affidavit did not render the petitions null and void, but only destroyed the presumption of validity of the signatures.... [T]he presumption of validity could be reinstated by proof that the circulators were, in fact, qualified electors." *Western Devcor*, 168 Ariz. at 431, 814 P.2d at 772 (citing *Direct Sellers*, 109 Ariz. at 5, 503 P.2d at 953). The court's statement about proof was *dictum*, and the court neither decided nor described what form such proof might take. *Western Devcor*, 168 Ariz. at 431, 814 P.2d at 772 ("Intervenors could arguably cure the defect ... by proving ... the petition signers to be qualified electors .... [but] the record contains no such proof").

Without opining on the forms of independent proof which might cure a defect in a referendum petition, we hold that the defect in this case was not cured by the recorder's verification of the signatures. The verification occurred after the expiration of the filing period. The Arizona constitution allows towns to limit the time period during which the power to petition town ordinances may be exercised. Ariz. Const. art. IV, pt. 1, § 1(8). The Arizona Supreme Court required strict compliance with the filing time limits in *Direct Sellers*, 109 Ariz. at 5, 503 P.2d at 953. The constitutional referendum process requires strict compliance because of the unsettling effect that a valid referendum petition has on duly enacted legislation. *Cf. id.* (analogizing the referendum power to veto power). If we allowed independent proof submitted after the expiration of the petition filing period, we would enlarge the extraordinary power of referendum and thereby burden the legislative power to enact law. *See* Ariz. Const. art. IV, pt. 1, § 1(3).

Moreover, we are unconvinced that the recorder's certification is proper proof. It is clear that a county recorder's certification of signatures by a statutory *sample* does *not* satisfy the requirement of independent proof. *Western Devcor*, 168 Ariz. at 432, 814 P.2d at 773; *see* Ariz.Rev.Stat.Ann. §§ 19–121.02(A), 19–141(A) (sampling procedure for verification of signatures). We have considered, however, whether the recorder's certification of a sufficient *total* number of signatures would constitute proper independent proof. In this case, the recorder certified 49 signatures, while only 23 signatures were required.

We conclude that the recorder's certification of all of the signatures cannot constitute satisfactory independent proof. In *Western Devcor*, the court stated that certification could not satisfy the affidavit requirement.[2] 168 Ariz. at 432, 814 P.2d at 773. These are two distinct requirements for referendum petitions: satisfying one requirement does not hurdle the other. The circulator's affidavit is a constitutional requirement, and holding that compliance with the constitution is not required because the signatures were later certified would eviscerate the constitutional provision.

As our supreme court stated in *Western Devcor*:

We do not believe that satisfying the statutory requirement cures the failure to satisfy the constitutional requirement. Both are important checks on the validity of petition signatures. The circulator's constitutional obligation of verification ... is a separate obligation from the statutory sampling of signatures. . . .

... If we were to accept ... [the] argument that the city clerk's certification alone is adequate, we would be reading out of existence a constitutional provision that the framers saw fit to include.

*Id.*

The supreme court's emphatic language demanding strict compliance with the constitutional requirements bars a waiver of such a requirement simply because another requirement has been satisfied.

For the foregoing reasons, we affirm the judgment of the superior court.

GARBARINO, and DUNEVANT,[3] JJ., concur.

---

**2.** Although the certification in *Western Devcor* was accomplished by a statutorily prescribed sample of the petition signatures and the certification here was done by verifying a total number of signatures (49) exceeding the number required (23), we find no material difference. Certification—by whatever method—is still a separate requirement from the requirement of circulators' affidavits.

**3.** The Honorable Thomas Dunevant, III, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.