NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

VOICE OF SURPRISE, et al., *Plaintiffs/Appellants*,

*v.*

SKIP HALL, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0696

FILED 2-7-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2022-013360
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

---

COUNSEL

Timothy A. La Sota, Phoenix
*Counsel for Plaintiffs/Appellants*

City of Surprise City Attorney's Office, Surprise
By Robert Wingo, Ellen Van Riper, Melinda Bird
*Counsel for Defendants/Appellees City of Surprise*

Gammage & Burnham, P.L.C., Phoenix
By Cameron C. Artigue
*Counsel for Defendant/Appellee Dominium, Inc.*

Berry Riddell, LLC, Scottsdale
By Jeffrey D. Gross
*Counsel for Defendant/Appellee Truman Ranch 46 SWC LLC*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

_____

**T H U M M A**, Judge:

**¶1**           This expedited election appeal follows an attempt by appellants Voice of Surprise and Quintus Schulzke (collectively, VOS) to place a referendum on a Surprise City Council ordinance on the 2022 general election ballot. After the Surprise City Clerk issued VOS a referendum serial number and VOS gathered and timely submitted nearly 5,500 petition signatures, the City Clerk rejected the signatures. The City Clerk concluded VOS failed to "strictly comply" with the requirement that it attach the ordinance being challenged when applying for the referendum serial number.

**¶2**           VOS timely filed a statutory special action in superior court challenging that decision. VOS named as defendants the City Clerk, the City of Surprise, the Mayor and members of the City Council (collectively, the City). VOS also named as defendants property owners and developers Truman Ranch 46 SWC LLC and Dominium, Inc. (collectively, Private Defendants), who supported the City Clerk's conclusion. The superior court affirmed the City Clerk's decision, and VOS timely appeals that decision. The Private Defendants cross-appeal, claiming the ordinance was not subject to referendum. Because VOS has shown no error, this court affirms.

**FACTS AND PROCEDURAL HISTORY**

**¶3**        On August 16, 2022, by a 4 to 3 vote, the Surprise City Council adopted Ordinance 2022-18, which approved a Preliminary Development Plan for 46 acres of land in Surprise known as Truman Ranch Marketplace. The Ordinance implemented a Planned Area Development (PAD) and annexation of the land approved in 2008.

**¶4**        VOS opposed the Ordinance and, on August 19, 2022, asked the City Clerk for paperwork to refer the Ordinance to a referendum vote. The City Clerk gave VOS a copy of the signed Ordinance and the Arizona Secretary of State's 2022 Referendum Petition Packet. *See* Ariz. Rev. Stat. (A.R.S.) §§ 19-111(C) and -142(C) (2023).[1] The Petition Packet included (1) an "Application for Serial Number Initiative or Referendum Petition A.R.S. § 19-111" and (2) a "State of Arizona Committee Statement of Organization." VOS needed to complete and submit both to the City Clerk to receive a referendum petition serial number. *See* A.R.S. § 19-111(A).

**¶5**        On August 29, 2022, VOS provided the City Clerk its completed application for serial number and statement of organization. The application, however, ***did not*** attach a copy of the Ordinance, even though the applicable statute required it to be attached. *See* A.R.S. § 19-111. Despite that omission, the City Clerk accepted the documents VOS provided, assigned VOS a referendum serial number, gave VOS a copy of the application and informed VOS that it needed to submit 3,114 valid signatures on petition sheets by September 19, 2022.

**¶6**        On September 16, 2022, VOS submitted to the City Clerk petition sheets with 5,432 signatures. After reviewing the submission, the City Clerk concluded that VOS failed to strictly comply with statutory requirements because the August 29, 2022 application for serial number did not attach the Ordinance. *See also* A.R.S. § 19-101.01 (requiring "persons using the referendum process strictly comply with . . . constitutional and statutory requirements"). Dominium, Inc., one of the Private Defendants, urged the City Clerk to reject the petition sheets for that same reason, also arguing VOS failed to include an adequate description of the measure to be referred on the petition sheets and that the Ordinance was not a "legislative act" subject to challenge by referendum.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶7**　　　　On October 5, 2022, the City Clerk notified VOS that it rejected the petition sheets and signatures because VOS' August 29, 2022 application for serial number did not attach a copy of the Ordinance. *See* A.R.S. § 19-122 (requiring "a written statement of the reason for the refusal" to accept, or further process, a petition). Two days later, VOS filed this statutory special action, seeking a declaratory judgment and injunctive relief as well as claiming equitable estoppel. VOS sought an order compelling the City Clerk to transmit a five percent random sample of the signatures on VOS' referendum petitions to the Maricopa County Recorder for verification under A.R.S. § 19-121.01(B).

**¶8**　　　　In opposition, the City argued VOS failed to strictly comply with applicable law by not attaching a copy of the Ordinance to the application for serial number and that the Ordinance was not a "legislative [act]" subject to referendum. The Private Defendants joined the City's opposition, also arguing VOS failed to include an adequate description of the measure to be referred on the petition sheets.

**¶9**　　　　After briefing and a November 2, 2022 evidentiary hearing, the superior court concluded that, by failing to attach a copy of the Ordinance to its application for serial number, VOS failed to strictly comply with the requirements of A.R.S. § 19-111(A), as mandated by A.R.S. § 19-101.01, which meant VOS was not entitled to relief. VOS unsuccessfully moved for a new trial and for reconsideration. After entry of final judgment, VOS filed a timely notice of appeal, and the Private Defendants filed timely notices of cross-appeal. This Court has appellate jurisdiction under A.R.S. §§ 12-120.21 and 19-122(A) and ARCAP 10.

## DISCUSSION

**¶10**　　　　VOS argues that the City Clerk could not issue the serial number when the Ordinance was not attached to the application for serial number and then disqualify the petition signatures submitted later because the application for serial number did not attach a copy of the Ordinance. In doing so, VOS argues (1) *Leach v. Reagan*, 245 Ariz. 430 (2018) controls and means VOS should have prevailed; (2) the superior court's ruling makes A.R.S. § 19-121.01 surplusage and means strict compliance is not always required; (3) requiring VOS to attach a copy of the Ordinance was futile and should not be required; and (4) estoppel should apply to the City Clerk. The court addresses these arguments in turn.

## I.     The Standard of Review and Statutory Requirements.

**¶11**          A trial court's decision on a request for injunctive relief after an evidentiary hearing is reviewed for an abuse of discretion. *See Arrett v. Bower*, 237 Ariz. 74, 77 ¶ 7 (App. 2015). Statutory requirements, however, present issues of law reviewed de novo. *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 499 (1996). VOS had the burden of proof in pressing this challenge. *Arrett*, 237 Ariz. at 77 ¶ 4.

**¶12**          VOS filed the statutory special action in superior court under A.R.S. § 19-122(A), which authorizes relief where "the court finds that the petition is legally sufficient." That inquiry looks to compliance with "the prescribed procedures" and "compli[ance] with the structural requirements of A.R.S. §§ 19-101 to -143." *League of Ariz. Cities & Towns v. Brewer*, 213 Ariz. 557, 560 ¶¶ 12-13 (2006).

**¶13**          As applicable here, a person or organization seeking to challenge proposed law by referendum "shall file . . . an application" that includes, among other things, "the text of the proposed law, constitutional amendment or measure to be . . . referred." A.R.S. § 19-111(A).[2] This provision is to be strictly construed. A.R.S. § 19-101.01. In fact, by express statutory statement, "the legislature finds and declares its intent that the constitutional and statutory requirements for the referendum be strictly construed and that persons using the referendum process strictly comply with those constitutional and statutory requirements." A.R.S. § 19-101.01.[3] VOS, in failing to attach the Ordinance in the application for serial number,

---

[2] Although A.R.S. § 19-111 refers to filings with the Arizona Secretary of State, the parties do not dispute that because the referendum here is from the City's action, the City Clerk must perform the functions that Title 19 assigns to the Secretary of State for a statewide referendum.

[3] Stating the superior court "seemed to believe that A.R.S. § 19-101.01 effected some change in the law," VOS states that the statute "did not" change the law. VOS is correct that the Arizona Supreme Court required strict compliance with referendum provisions even before A.R.S. § 19-101.01 was enacted in 2015. *See W. Devcor, Inc. v City of Scottsdale*, 168 Ariz. 426, 429 (1991) ("we require referendum proponents to comply strictly with applicable constitutional and statutory provisions.") (citation omitted); *see also Comm. For Pres. of Established Neighborhoods v. Riffel*, 213 Ariz. 247, 249 ¶ 6 (App. 2006) (noting strict compliance "requires nearly perfect compliance with constitutional and statutory referendum requirements"). The sources of the strict compliance requirement in this case are not dispositive here.

failed to strictly comply with these statutory requirements. The question then becomes whether VOS has otherwise shown that the superior court erred.

## II.     *Leach v. Reagan* Does Not Require a Finding for VOS.

¶14        Arguing *Leach v. Reagan*, 245 Ariz. 430 (2018) "controls this case," VOS argues that the superior court erred in "finding that a City Clerk has an <u>absolute duty</u> to disqualify a ballot measure in its entirety for <u>any</u> deviation from the statutory requirements, however small, meaningless or technical." But as the superior court properly concluded, and the City argues on appeal, *Leach* does not show error here.

¶15        In *Leach*, private parties sought to challenge a competing entity's statement of organization that had been accepted by the Arizona Secretary of State. 245 Ariz. at 434 ¶ 12. Although the accuracy of the statement of organization was challenged, the Arizona Supreme Court held that the private parties "did not have a private right of action to make this challenge." *Id.* at 434 ¶ 13; *accord id.* at 445 ¶ 73 (Gould, J., dissenting) (noting majority "concludes that Plaintiffs, as private parties, have no remedy under Title 19," and "never reaches" compliance with Title 19). *Leach* held that the private parties' "claim can only be asserted under [A.R.S.] Title 16, which sets forth the required contents for a statement of organization and provides remedies for non-compliance." *Id.* at 434 ¶ 14. In doing so, *Leach* concluded that "nothing in Title 19 authorizes the Secretary to reject a facially valid statement [of organization] that did not, in fact, comply with § 16-906(B)." *Id.* at 437 ¶ 26. Because *Leach* did not address the non-compliance presented in this case, it does not require a finding for VOS.

## III.    Strict Compliance Under A.R.S. § 19-101.01 Does Not Make A.R.S. § 19-121.01 "Mere Surplusage."

¶16        Along with the statutory "strict compliance" mandate, the Legislature has provided detailed, sequential requirements delineating the review and verification process to determine the validity of signatures provided in support of an initiative or referendum petition. *See* A.R.S. § 19-121.01. Among other things, after those steps, and if the number of signatures subject to verification "equals or exceeds the constitutional minimum," the signatures must be forwarded for verification. A.R.S. §§ 19-121.01(B) & (D). That directive, VOS argues, means the City Clerk here had to forward the signatures for verification without regard to the failure to attach the Ordinance to the application for serial number required by A.R.S. § 19-111(A). To do otherwise, VOS argues, would run counter to the

directive that courts "interpret statutes to avoid rendering any of its language mere 'surplusage.'" *Ariz. State Univ. Bd. of Regents v. Ariz. State Ret. Sys.*, 242 Ariz. 387, 389 ¶ 7 (App. 2017) (citation omitted).

**¶17**     The "strict compliance" directive, however, applies to all "constitutional and statutory requirements for the referendum," A.R.S. § 19-101.01, and all relevant portions of Title 19, not (as VOS suggests) selected portions. *Cf. City of Tempe v. Fleming*, 168 Ariz. 454, 457 (App. 1991) (court "will not read into a statute something which is not within the manifest intent of the legislature as indicated by the statute itself."). Even more significantly, as the City notes, Arizona courts have upheld decisions to reject referendum petitions for reasons other than noncompliance as specified in A.R.S. § 19-121.01. *See, e.g., Comm. For Pres. of Established Neighborhoods v. Riffel*, 213 Ariz. 247, 248 ¶ 2 (App. 2006) (affirming rejection of petitions by town clerk "because a description of the measure to be referred was stapled to the petitions rather than inserted into the petitions"); *Maricopa Citizens Protecting Taxpayers v. Price*, 244 Ariz. 330, 336 ¶ 18 (App. 2017) (affirming rejection of petition by city clerk because the use permit being challenged "was an administrative act, and was not subject to referendum").

**¶18**     A.R.S. § 19-121.01 addresses a subset of actions the City Clerk must take in the referendum process, and VOS has not shown that strict compliance would make that statute "mere surplusage." Nor has VOS shown that A.R.S. § 19-121.01 meant the City Clerk lacked the authority to reject the signatures based on a conclusion that the application, filed weeks earlier, failed to comply with A.R.S. § 19-111.

## IV.     Attaching a Copy of the Ordinance Subject to Referendum Was Required by Statute.

**¶19**     VOS argues that, because the City Clerk was the keeper of the Ordinance and was required by law to provide VOS a copy of the Ordinance, A.R.S. § 19-142(C), rejecting the signatures based on a failure to provide the City Clerk a copy of that same Ordinance "would be the essence of a futile act, which the law does not require." *See Coronado Co., Inc. v. Jacome's Dept. Store, Inc.*, 129 Ariz. 137, 139 (App. 1981) ("The law does not require a futile act."). This argument, however, does not reflect the law or practicalities of the referendum process.

**¶20** First, as discussed above, strict compliance is required and A.R.S. § 19-111(A) required VOS to attach the Ordinance to be referred. VOS, however, failed to do so. Second, a petition may seek a referendum on less than all of the provision being challenged. *See Ariz. Free Enterprise Club v. Hobbs,* 253 Ariz. 478, 480 ¶ 1 (2022) (addressing referendum petition seeking to refer two sections of a Senate Bill to the general election ballot). Thus, attaching a copy of the text being challenged makes clear what an applicant seeks to have subject to referendum. Third, this case does not involve restoring a presumption of validity of signatures when a party took action to attempt to cure a purported defect in a timely fashion, as did the cases VOS cites for this argument. *See Harris v. City of Bisbee*, 219 Ariz. 36 (App. 2008); *Forszt v. Rodriguez,* 212 Ariz. 263 (App. 2006). Nor is this a case in which the required information was provided, but in the wrong order. *See Workers for Responsible Dev. v. City of Tempe*, ___ Ariz. ___, 2023 WL 364538 (Ariz. App. Jan. 24, 2023).

**¶21** In short, A.R.S. § 19-111(A) required that VOS attach the Ordinance being challenged. Although perhaps a belt-and-suspender approach, that statutory requirement does not require a futile act. VOS has shown no error on the point.

## V. The City Clerk Is Not Estopped from Rejecting the Signatures.

**¶22** Although presented in various ways, VOS argues that the City Clerk's actions were inequitable and unfair. VOS argues, with factual force, that had the City Clerk looked at the application for serial number as it was submitted, it would have been apparent that the Ordinance was not attached. If informed of that omission, VOS could have corrected the error when the application was being filed, meaning the signatures would not have been rejected. A different iteration of this argument by VOS is that the City Clerk should not be allowed to accept the application without objection, issue the serial number and then, weeks later, reject the signatures citing a defect in the application.

**¶23** If the City Clerk noticed the deficiency in the application for serial number when it was being submitted and informed VOS of the error, that action would have allowed VOS to promptly correct the error. That action, it would seem, would have obviated any litigation. But that did not happen, resulting in this litigation where the courts are asked to allocate the consequences for that oversight.

¶24 Particularly given the strict compliance requirement, an individual or entity seeking to use the referendum has the burden to comply with all statutory requirements and must strictly comply with those requirements. That burden is not discharged when a party seeking to use the referendum process fails to do so. Although not applicable here, that is true even when parties seeking to use the referendum process "have lost their opportunity to do so because they relied to their detriment on the erroneous advice of a government official who purported to have both the knowledge and the duty to direct them." *Fidelity Nat. Title Co. v. Town of Marana*, 220 Ariz. 247, 250 ¶ 14 (App. 2009). "[I]t is the challenger's responsibility to comply with the statutory requirements for filing a referendum petition, and the receipt of erroneous advice, even from governmental officials responsible for administering the referendum process, does not excuse that responsibility." *Id.* (citing *Robson Ranch Mtns., L.L.C. v. Pinal Cnty.*, 203 Ariz. 120, 130 ¶ 38 (App. 2002) ("A referendum applicant's receipt of or reliance on inaccurate advice from a county elections director does not extend the time period for filing the petition or otherwise excuse noncompliance with the statutory requirements.") and *Perini Land and Dev. Co. v. Pima Cnty.*, 170 Ariz. 380, 381, 384 (1992) (noting that issue was not addressed directly, but that erroneous advice from county elections director about referendum signatures did not excuse noncompliance); *accord Arrett*, 237 Ariz. at 80 ¶ 19 (quoting *Fidelity*, 220 Ariz. at 250 ¶ 14); *De Szendeffy v. Threadgill*, 178 Ariz. 464, 465 n.1 (App. 1994) ("reliance on a form [provided by a town clerk] does not excuse noncompliance") (citing *See W. Devcor, Inc. v City of Scottsdale*, 168 Ariz. 426, 431 (1991)).

¶25 Those cases are factually different from what happened here. VOS does not allege the City Clerk affirmatively provided erroneous or inaccurate information when accepting VOS' deficient application, or before doing so. At best, VOS argues the City Clerk impliedly approved the form of application by accepting it. Recognizing that the facts of this case may be less nefarious than others does not change the outcome: VOS failed to comply with a statutory requirement. And the City Clerk issuing a serial number based on an incomplete application does not excuse VOS' failure to strictly comply with the requirements of A.R.S. § 19-111(A). For these same reasons, VOS has not shown that equitable estoppel would bar the City Clerk from rejecting the signatures. *See also Green v. Osborne*, 157 Ariz.

363, 365 (1988) (noting "estoppel does not apply against the state in matters affecting governmental or sovereign functions").[4]

## CONCLUSION

**¶26** The judgment is affirmed. The request by VOS for an award of attorneys' fees under A.R.S. §§ 12-2030 and -348(A)(2) & (A)(4) is denied. The City and the Private Defendants are awarded their taxable costs on appeal, contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Given this conclusion, the court need not (and expressly does not) address the arguments by the City and the Private Defendants that the approval of the Ordinance was an administrative act not subject to referendum or that the petition's description of the Ordinance was improper. *See also Protect Our Ariz. v. Fontes*, ___ Ariz. ___, 2023 WL 193609 (Ariz. Jan. 17, 2023).